OPINION of the Court, by
Judge Owsley.
Se-verns, on the 3d day of April 1780, covenanted to locate, on good land of the first rate on the waters of Se-veros’ Valley', and pay all the expenses attending thé -surveying until the certificate of survey should be returned, laud-cifice treasury warrants for eight hundred acres, delivered him by Edward Kertip, the agent of Reuben Kemp ; and Edward Kemp, in consideration thereof, covenanted to malte Severns a clear deed for two hundred acres, part of tlic land by him to be located. The warrants were located on the Rolling Fork, by Severns, and surveved by Reuben Kemp at his own expense, and a patent obtained in his name bearing date the 2d day of October 1786. Some time thereafter Reuben Kemp sold and conveyed for a valuable consideration the land to Hill, the appellee. And in Í80S Severns exhibited his bill in chancery against Reuben Kemp and Hill, alleging that Hill had notiie of his claim before he purchased and obtained a deed, and praying a decree for the land ; or if the court should be oi an opinion against him on that prayer, then he asked a decree for compensation against Reuben Kemp. At the February rules 1310, the defendants not having answered the bill, it was taken as confessed; and at the March term of the court 1810, on the motion of Hill, the rule for taking the bill for confessed was set aside *241 33 íq him, and his answer filed. At the March term i 812, the cause came on to be heard, and after the papers were read and cause argued on the merits by one of the complainant’s counsel, exceptions were offered to the defendant Hill’s answer, which were rejected and the cause fully heard and the bill dismissed. From this decree Severns, who was complainant in the court below, has prosecuted this appeal.
Previous to a consideration of the merits of the decree, it will be proper to notice some of the objections made as to the regularity of the proceedings had in this cause. It is objected that the court below should have permitted to be filed the exceptions offered to the answer of Hill. Had those exceptions been taken in proper time, the complainant in that court should, as a matter of right, have been permitted to have filed them ; but we are apprised of no rule of law or practice which allows a complainant, after a cause is taken up on the merits, upon bill and answer, and the cause (as this was) progressed in to argument, to file exceptions to the sufficiency of the answer, and thereby delay the final decision of the cause.
It is also objected that the court erred in making a decree before Reuben Kemp was before the court. This objection is founded upon the supposition that the cause was not set for hearing and decided as to Kemp. Waiving a decision on the question how far Kemp was a necessary party in a suit brought by Severns against Hill for the land, we are of opinion the objection cannot prevail: for the bill appears to be taken for confessed on the rules, and the rule taking it for confessed seems never to have been set aside as to Kemp, but as to Hill only ; and there is nothing in the record shewing a continuance as to Kemp ; but it appears to have been heard and the bill finally dismissed.. Hence it is clear the cause was heard, and disposed of as to all the defendants. Whether it was properly prepared as to Kemp, is not assigned for error, and cannot, therefore, consistent with the rules of this court, be noticed in determining on the correctness of the decree of the court below.
The objections made as to the correctness of the decision of that court in refusing leave to the appellant to file a replication, and rejecting the application for a fe- *242 hearing, we have not thought necessary to notice iii the-statement of this case, as we are of opinion the court* decided correctly on both those points.
It remains, therefore, only to determine whether the decree on the merits is correct. Were the appellant considered in the most favorable attitude of a complain \ ant prosecuting his claim with the utmost vigilance and good faith, serious doubts would exist whether he has shewn any equitable right to any part of the land in contest. Passing this by, however, as unimportant to a decision of this cause, we are of opinion the court very correctly refused him relief against Hill: for if in any case a court of equity will refuse their aid to a person holding a dormant equity, it should be in a case like the present, where the appellant has failed to prosecute his claim (without shewing any circumstances excusing the failure) for twenty odd years from the date of the patent obtained by Kemp, and for about sixteeq years after Hill, a purchaser for a valuable consideration, settled upon the land. The decree of the court, therefore, as to Hill, is correct and must be affirmed.
If, however, the allegations of the bill of the appellant 6e considered as true (and it must in the decision of this cause be so considered as to the defendant Kemp) he' has shewn a right to compensation from Kemp for locating the land. The decree of the court below, therefore, dismissing the bill as to him, is erroneous and’ must be reversed. But as the cause must be remanded for further proceedings against Kemp, although in deciding upon the correctness of the decree an examination into irregularities not assigned for error, is inadmissible, yet in directing what decree should be pronounced against him an examination into the correctness of the proceedings becomes necessary7 : for this court should direct such a decree to be entered as will be correct in relation to the existing state of the cause ; and as from an inspection of the record it appears the subpoena has not been served upon Kemp, it follows the order taking the bill for confessed against him is erroneous. The cause, therefore, as to him, must be remanded to the circuit court, for new proceedings to be had against him, commencing at the return of the subpoena, and such further proceedings had as may be consistent with this opinion.
*243 Bui a3 the cause has been heard as to Hill, when all •the proper parties were before the court, in relation to fcs interest, and as Hill is not a necessary party in the contest between Severns and Kemp for compensation, the decree as to him must be affirmed.
The appellant must recover his costs of Kemp.