CASE 70—EQUITY—SEPTEMBER 19, 1882.

# Green, &c., v. Page, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. In order to hold an assignor of notes executed by a husband and wife, and assigned to appellee November 29, 1872, bound upon the assignment, it is not necessary to aver or prove that a judgment *in personam* was rendered against the *feme covert*.

2. Under the statute as it then existed a personal judgment against the *feme covert* would have been a nullity, and therefore to obtain it was not requisite to enable the assignee to recover.

LITTLE & SLACK FOR APPELLANTS.

That Mrs. Hagan was a *feme covert* is no reason why judgment should not have been rendered against her. Her coverture was not relied upon by plea, and therefore a personal judgment should have been obtained. (8 B. Mon., 441; 7 B. Mon., 293; 3 Bush, 660; 1 Met., 293; 1 B. Mon., 304; Hardin, 224; Myers' Code, sec. 137 and 389.)

OWEN & ELLIS FOR APPELLEES.

1. It cannot be denied that, inasmuch as Mrs. Hagan was a married woman, she was not personally bound by the notes.

2. No judgment against her could have any validity. The case of Hughes v. Brown, 3 Bush, 660, does not apply to this case.

3. Neither has Williams v. Wilkinson, 7 B. Mon., any bearing upon this case.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an action by the assignees of certain notes against the assignors, in which it is sought to hold the assignors liable on the implied contract of assignment. The defense is that the assignees did not, with proper diligence, prosecute their legal and equitable remedies against the makers of the notes. The notes were executed by husband and wife for one half interest in a hotel building. In the suits upon the notes, no personal judgment was taken against the wife, and it is insisted that the failure to take such judgment is fatal to the claim of the assignees, appellees here. This is not correct. Under the Revised Statutes, which were in

force at the time of the execution of these notes, a *feme covert* could not bind her separate estate at all, and could bind her general estate only for necessaries by writing signed by herself and husband : the general rule being that all contracts attempted to be made by a *feme covert* were void, with the exception indicated. This record shows the consideration of the notes, and we know, as a matter of law, that it is not "necessaries" within the meaning of the statute. Under such circumstances, the court could not have entered a judgment against the wife which could have been enforced, or that would have given to appellees any legal or equitable remedy, so the failure to ask for or obtain such judgment is no evidence of a failure to prosecute with reasonable diligence all legal and equitable remedies. This is not like such a case arising prior to the adoption of the statute forbidding a *feme covert* to bind her separate estate, for then such estate might be bound when the contract was made, and the credit extended with that view. Under that statute, any contract made by a *feme covert*, unless within the exception, was absolutely void, and therefore any judgment entered upon it would be a nullity. This view is not necessarily in conflict with Hughes v. Brown, 3 Bush, 660, because the expression in that case of the opinion that the note was void was not essential to the conclusion reached by the court.

Appellants make many other questions as to diligence, but the pleadings do not authorize an inquiry into them, because the petition states in detail the steps taken to enforce the demands against the makers of the notes, and these allegations are not specifically denied so as to raise an issue as to their truth, and as the allegations of the petition

show legal diligence, appellees' right of recovery is complete.

The pleadings also settle the question as to the assignment of the note to Page & Co. It is alleged in the petition, and not denied, that the note was "assigned in blank" to Page & Co. This is conclusive of the right of Page & Co. to proceed as assignors.

Judgment affirmed.

To a petition for a rehearing—

JUDGE HINES DELIVERED THE FOLLOWING RESPONSE:

Counsel, in petition for rehearing, insists that as the execution in favor of Bennett & Fuqua, which was filed as an exhibit with the petition, fails to show that after the levy upon the hotel property it was returned "no other property found," that the allegation of the petition to the effect that the execution was so returned must be held to be false, and as a consequence there was a failure to show legal diligence. This is not correct. The allegation of the petition to the effect and in terms that the execution was returned "no other property found," was admitted to be true by the failure of appellants to deny it. If the allegation had been denied so as to present an issue, and the execution appearing as it does without such return, there would have been a failure of proof of legal diligence. Counsel insists, however, that the exhibit controls the allegation in the petition. This is not the rule under our Code. An exhibit neither aids nor destroys the material averments in a pleading, and are not to be considered by the court in determining the sufficiency of a pleading, but may be properly considered as evidence on the trial of an issue tendered.

Counsel also insists that there was a want of legal diligence in not bringing suit on the first note to the equity term, the last day of serving process to which was three days after the note fell due. To require suit to be instituted, and process served within so short a time would be to require extraordinary diligence, which, under the circumstances would be oppressive, and such diligence never was required in any case. The suit was brought in the common law court four days after the note fell due.

Petition overruled.