CASE 46—PETITION EQUITY—October 24.

# Parsons, &c., v. Spencer, &c.

APPEAL FROM MARION CIRCUIT COURT.

1. As a JUDGMENT AGAINST A MARRIED WOMAN MAY BE VALID, in a proceeding to enforce such a judgment it should not be held conclusively to be' void, but the defendant should not be estopped from showing that it is void.

2. UNCERTAINTY IN JUDGMENT.—A judgment which does not name the plaintiffs individually, but simply designates them as the "heirs" of a certain person, is not void for uncertainty.

3. SUIT TO ENFORCE JUDGMENT—PLEADING.—The allegation that the plaintiffs recovered the judgment sought to be enforced against W. S. and E. S., "his wife," amounts to an allegation that E. S. was a *feme covert* when the judgment was rendered, and that the plaintiffs

vol. 83.—20.

in this suit are the same persons who were referred to as "heirs" in the judgment.

4. Venue of Actions.—An action upon a return of no property found, pursuant to section 439 of the Code, may be brought in the county in which the defendant resides.

5. Trust Estates—Liability for Debt.—Wherever there is a beneficial interest in property, it is liable for the debts of the beneficiary.

A testator devised all his estate to his daughter for life for her separate use, "not to be subject to or liable for debts or liabilities she may have or hereafter contract," directing his executor to make such investments as he should deem advisable, and to pay annually to the testator's daughter the profits of the estate.

*Held*—That the personal representative is to be regarded as a trustee for the testator's daughter, who is entitled to the income of the entire estate after the payment of the testator's debts, and while he should not be divested of the possession of the property, the court will, although the testator did not so intend, subject the use or income arising from it to the payment of any debt for which the *cestui que trust* is in fact liable, and direct the trustee or administrator to so apply it.

6. Married Women—Equitable Settlement.—A married woman is not entitled to a settlement as against debts contracted by her; it is only where the husband is seeking to get possession of the property, or his creditors are trying to subject it, that such a claim can arise.

SAMUEL AVRITT for appellants.

1. As the judgment sought to be enforced does not show on its face that Mrs. Spencer was a married woman at the time judgment was rendered against her, that fact must be taken advantage of by plea and not by demurrer.

2. There are many cases in which it is proper to render a personal judgment against a married woman; therefore, the presumption is in favor of the validity of such a judgment.

3. If a judgment is not void, but merely irregular or erroneous, it can not be attacked collaterally. (Watson v. Morrison, 4 Bibb, 336; McIlvoy v. Speed, 4 Bibb, 85; Wallace v. Usher, 4 Bibb, 508; Shackleford v. Miller, 9 Dana, 274; Bennington v. Reed, 8 B. M., 103; Hynes v. Oldham, 3 Mon., 267; Gardner v. Strader, 5 Litt., 315; Sanders v. Gatewood, 5 J. J. Mar., 328; Green v. Ball, 4 Bush, 590; Dunlap v. McIlvoy, 3 Litt., 278; Spalding's Adm'r v. Wathen, 7 Bush, 662.)

4. A judgment against a married woman is binding until reversed. Coverture, like any other defense, must be relied upon. (Fauntleroy's Heirs v. Crow's Heirs, 5 B. M., 138; Jarman, &c., v. Wilkerson, 7 B. M., 294.)

Parsons, &c., v. Spencer, &c.

5. A suit under section 439 of the Civil Code, upon a return of "no property," may be brought in the county of the defendant's residence. (Civil Code, section 70; Nixon v. Jack, 16 B. M., 181.)

6. Whatever estate Mrs. Spencer took under her father's will is subject to the payment of her debts, notwithstanding the intention of the testator that it should be otherwise. (Monroe and Harlan's Digest, vol. 1, page 443, section 13; Revised Statutes, vol. 2, page 230; General Statutes, page 588, section 21; Eastland v. Jordan, 3 Bibb, 186; Jones v. Langhorne, 3 Bibb, 455; Samuel & Johnson v. Ellis, &c., 12 B. M., 479; Pope's Ex'rs v. Elliott, &c., 8 B. M., 62; Samuel, &c., v. Salter, &c., 3 Met., 260.)

7. The separate estate of a married woman may be subjected to the payment of her debts. (Jarman, &c., v. Wilkerson, 7 B. Mon., 294; Bell & Terry, &c., v. Kellar, 13 B. M., 384; Lillard v. Turner, 16 B. M., 375; Petty v. Malin, 14 B. M., 247; Johnston and Wife, v. Jones, 12 B. M., 329; McClelland v. Hamilton's Adm'r, 5 Ky. Law Rep., 58.)

8. The doctrine of equitable settlement has no application as against. the creditors of the wife.

9. The failure of the judgment to give the names of the heirs in whose favor it was rendered does not render it void for uncertainty.. (Shackleford, &c., v. Fountaine's Heirs, 1 B. Mon., 253.)

10. The whole estate devised to Mrs. Spencer, and not merely the yearly· proceeds, may be subjected to the payment of her debts. (Bowles v.. Winchester, &c.. 13 Bush, 1; Samuel, &c., v. Salter, &c., 3 Met., 260.)

11. In any event, the annual rents and profits may be subjected. (Young: v. Miles, 10 B. M., 289; Montjoy v. Lashbrook, 8 Dana, 33.)

HARRISON & BELDEN AND W. E. & S. A. RUSSELL FOR APPELLEES.

1. This action necessarily involves the settlement of the estate of a deceased person, and should, therefore, have been brought in the county wherein administration was granted. (Civil Code, title 10, chapter 3; Bennett v. McCorcle, 3 Met., 332.)

2. The provision in the testator's will that the estate devised to his daughter should not be subjected to the payment of her debts, was. not a fraud upon her creditors, and should be regarded by the· Chancellor.

3. Only so much of a married woman's separate trust estate as remains. after furnishing her a support can be subjected to the payment of her debts. (Alexander & Co. v. Owens, 4 Ky. Law Rep., 621.)

4. The judgment sought to be enforced is void for uncertainty. (Freeman on Executions, par. 16; Ordinary v. McClure, 1 Bailey, 7;. Farmer v. Grant, 10 Bush, 362; Bridges v. Caldwell's Ex'rs, 2 A.. K. Mar., 613.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is an action brought by the heirs of Wm. P. Moore against W. H. Spencer and his wife, Eliza Spencer, and others, in the Marion Circuit Court, to enforce the collection of a judgment rendered in favor of the plaintiffs in the Taylor Circuit Court against W. H. and Eliza Spencer, as to which there had been a return of *nulla bona*, by subjecting to its payment whatever Mrs. Spencer acquired under the will of her father, W. M. Green. The petition alleges that the plaintiffs recovered the judgment "against the defendants, W. H. Spencer and Eliza S. Spencer, his wife." The copy of the judgment, filed with the petition, shows that it did not set out the names of the plaintiffs. The caption of it is "W. P. Moore's Heirs v. Susan Shepherd, &c.," and it is merely recited in the body of it that it is "adjudged that the heirs, plaintiffs in this action, recover of the defendants, W. H. Spencer and Eliza Spencer," &c.

We think that the averment, *supra*, of the petition amounts to an allegation that Mrs. Spencer was a *feme covert* when the judgment was rendered; and that the plaintiffs in this suit are the same persons who were named as "heirs" in the judgment.

The petition was dismissed upon a demurrer, the grounds of which are, first, that the Marion Circuit Court had no jurisdiction of the action; second, that Mrs. Spencer was a married woman when the judgment was rendered, and that it is, therefore, void; third, that the property interests acquired by her under the will of her father are not liable for her debt; and fourth, that the judgment does not show

in whose favor it was rendered, and by reason of its uncertainty can not be enforced.

This is not a suit to settle the estate of Wm. Green, but to subject to the payment of the plaintiffs' debt the interest acquired by Mrs. Spencer under her father's will. It is alleged in the petition that the defendants reside in Marion county, and this fact, under section 70 of the Civil Code, gave the Marion Circuit Court jurisdiction of the case.

It has been held, and we are not disposed to depart from the precedent, that a judgment which does not name the plaintiffs individually, but simply designates them as the "heirs" of a certain person, is not void for uncertainty. (Shackleford, &c., v. Fountain's Heirs, 1 T. B. Monroe, 252.)

It is true that a judgment, to be *in forma*, should show who has succeeded, what has been recovered, and from whom; or, in brief, what has been determined by the court; but in the instance just given, and that now under consideration, no injustice can be done, because, if questioned, certainty can easily be arrived at as to the persons in whose favor the judgment was rendered by the record or papers of the suit, and it is not void. The omission of their individual names in the judgment was a clerical misprision, which can be amended, if need be, by the original record.

The will of Wm. Green provides:

"I give and bequeath all my estate, both personal, real, and mixed to my only daughter, Eliza J. Spencer, during her natural life, for her own special and separate use, exclusive of her husband, and not to

be subject to or liable for debts or liabilities she
may have or hereafter contract, and at her death it
is my wish and desire that all my estate not used
or consumed, as hereinafter provided, descend to the
children and grandchildren of my daughter, Eliza J.
Spencer, if there should be any children or grand-
children of her's living. If not, it is then my desire
that my estate be equally divided between the chil-
dren of my sister, Sarah A. W. Neal.    *    *    *    *
My executor    *    *    *    *    is fully authorized
to sell and convey all or any part of my real estate,
by and with the consent of my daughter, and to
reinvest the same in real estate as a homestead for
my daughter, with as much of my personal estate as
he may deem advisable, and that he loan on interest
my personal estate so as to make to best of his
judgment the more profitable return, *paying annu-
ally to my daughter the profits of my estate.*"

There can be no doubt but what, under it, Mrs.
Spencer was entitled to the income arising from the
entire estate, and the entire beneficial interest in it,
after the payment of the testator's debts. The per-
sonal representative is to be regarded as a trustee
for her for this purpose ; and while a court should
not divest him of the possession of the property, it
will, although the testator did not so intend, sub-
ject the use or income arising from it to the pay-
ment of any debt for which the *cestui que trust* is
in fact liable, and direct the trustee or administra-
tor to so apply it.

It is impossible for any one to hold a beneficial
interest in property, and it not be liable for the

debts of the beneficiary. (General Statutes, chapter 63, article 1, section 21; Samuel, &c., v. Ellis, &c., 12 B. M., 479; Samuel, &c., v. Salter, 3 Met., 259.)

It is urged that the judgment can not be questioned collaterally, if valid on its face, as it was rendered by a court of competent jurisdiction; and that as Mrs. Spencer did not rely on her coverture as a defense to it, and has never moved to set it aside or appealed from it, that she is concluded, and can not now say, in this action to enforce it, that it is void.

In this we can not concur, although respectable authority differs with us. It is true that every presumption is in favor of the judgment, and that the *onus* is therefore upon the party impeaching it; but, in this instance, it may or may not be void. For aught that appears, it may have been rendered for the tort of the wife, or for a debt created by her before her marriage; or she may have been a *feme sole* at its rendition, and it therefore not void. Upon the other hand, if, for instance, it were based upon a note or obligation of such a character as would ordinarily support only an ordinary action, then as the note or obligation would be void as to her, a judgment on it against her would also be void.

In the case of Green, &c., v. Page, &c., 80 Ky. Rep., 368, the alleged liability originated while the Revised Statutes were in force, and when the *feme covert* could not bind her separate estate at all, and her general estate only for necessaries, by writing, signed by her and her husband; and it was shown by the record in the case that the notes which she had signed were not for necessaries; and it was

said that a personal judgment against her would
have been a nullity. By the common law the exist-
ence of the wife is merged in that of the husband;
and she can make no contract whatever rendering
herself liable to an action. In equity, however, by
the English rule, she is treated as possessing in a
great degree the power of a *feme sole* as to her sep-
arate estate; and when it is shown that she intended
to charge it by a contract, although void in law, yet
by the English decisions it may be enforced in
equity against it; but she incurs no personal lia-
bility by virtue of the contract, and it must be satis-
fied out of the *corpus* or profits of her separate
estate.

We are aware that it is a general principle that a
party can not impeach a judgment upon any ground
which might have been pleaded as a defense; and
that it has been said that, in order to insure safety
to a purchaser at a judicial sale, made under a judg-
ment rendered against a female defendant, after due
service of process, she can not be heard to say col-
laterally, or in another action, that she was married
when the judgment was rendered, or incapable of
contracting the alleged debt upon which it was ren-
dered.

If, however, as is unquestionably true, a judg-
ment is void if the court rendering it had no juris-
diction for want of service of process, then it seems
to us that it should be equally so if the one served
with process is incapacitated by law from retaining
an attorney, or has no such legal existence as author-
izes a personal liability. In the one case the court

has no jurisdiction, and in the other there is nothing: within its jurisdiction which has a legal existence. By the judgment the alleged liability is simply placed upon a higher footing; and if before this it was void as to her, then the unauthorized judgment should not prejudice or conclude her, because she was not *sui juris*, and had no such legal existence in court as authorized a personal judgment.

This is the rule adopted by the courts of Missouri, Maryland, Pennsylvania, and perhaps other States. In the last named one a *feme covert* is liable upon certain contracts relating to her separate estate, and valid judgments may be rendered upon them; and it has been held by its courts that every judgment against her which does not show her liability upon its face is void.

In this State, whether a personal judgment may be rendered against her depends upon her legal status, and the character of the claim; and although it may not show upon its face facts sustaining its validity, yet, as the legal presumption is in its favor, it should not, in our opinion, be, therefore, held conclusively to be void; but, upon the other hand, she should not be estopped from so showing.

Section 518 of our present Civil Code, unlike section 579 of the old one, expressly excepts coverture as a ground for the vacation of a judgment by reason of erroneous proceedings; and the case of Spalding, Adm'r, &c., v. Wathen, 7 Bush, 659, did not involve the question now under consideration.

Undoubtedly a married woman may often be bound by a judgment; but when it imposes upon her a

*personal* liability, it may or may not be void under our law, according to the character of the transaction upon which it is based, or her legal status at the time of its occurrence, or when the judgment is rendered; and unless this is shown by the petition (and it is not in this case) the question cannot be raised by a demurrer, but a plea is necessary.

It is suggested that if the income of the devised estate is liable for the plaintiffs' claim, that Mrs. Spencer would first be entitled to a settlement or a support. We do not mean to intimate whether it is or is not liable; indeed, from the present state of the record, we can form no opinion upon this question; but if liable, then, as against it, she is not entitled to any settlement. Such a claim could only arise if her husband were seeking to get possession of the property, or his creditors were trying to subject it to their debts.

The judgment below is reversed, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.