CASE 86—PETITION EQUITY—FEBRUARY 15.

# Stevenson v. Flournoy, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. VALIDITY OF JUDGMENT.—A judgment in favor of the "descendants" of a person, without naming them, is not void for uncertainty; and, in this action to enforce such a judgment, there is no sufficient denial of the averment of the petition that plaintiffs are the same persons who obtained the judgment.

2. SAME—PLEADING.—The denial of defendants "that they were parties to any action wherein the said plaintiffs herein were parties-plaintiff, and in which any cause of action against the defendants was alleged as the foundation for the alleged judgment," can not be regarded as negativing the averment of the petition that defendants were parties to the suit in which the judgment was rendered.

3. A JUDGMENT AGAINST A PERSONAL REPRESENTATIVE IS PRIMA FACIE EVIDENCE AGAINST DEVISEES in a proceeding against them to subject land devised to them to the payment of the testator's debt.

4. SUIT TO ENFORCE JUDGMENT—CONTRADICTION OF RECORD.—In a suit to enforce a judgment, the record of which shows affirmatively that the defendant was before the court, defendant can not contradict the record by showing that he was not served with process or did not enter his appearance. Until vacated or reversed in the mode pointed out by the Code, the judgment is conclusive, unless attacked for fraud.

5. SETTLEMENT OF DECEDENT'S ESTATE—CROSS-PETITION.—In this action to settle an estate, a cross-petition was not necessary, in order to authorize the court to give defendants judgment for the sums to which they were entitled against the estate.

6. PRACTICE—AMENDMENT OF PETITION.—The court, having erroneously sustained a general demurrer to the petition upon the ground that no cause of action was stated, acted properly in subsequently disregarding that ruling, and in allowing the filing of an amended petition merely giving the names of additional parties-plaintiff.

7. JUDGMENT AGAINST MARRIED WOMAN FOR DEBT OF TESTATOR.—A married woman having received estate by devise, a personal judgment against her for a debt of the testator, to be levied only of estate derived from him, was not void. And, in a suit to enforce that judgment, she can not plead that the debt for which it was rendered is barred by limitation. It being in issue in the old suit whether the estate received by her from the testator was liable, the judgment is conclusive as to that question.

W. P. D. BUSH AND WM. GOEBEL FOR APPELLANT.

1. The alleged or supposed judgment of the Kenton Circuit Court, upon which this action was based, is absolutely void as to appellant, for each of three separate and distinct reasons:

First. Because of uncertainty as to the persons for whose benefit it was intended.

As plaintiffs, in bringing this action to enforce said judgment, did not allege that it "was duly given or made," as required by the Code (Civil Code, sec. 122; Gebhard v. Garnier, 12 Bush, 321), it was necessary for them to allege, and, if denied, to prove, every fact upon which the validity of said judgment depended. And, therefore, it was incumbent upon plaintiffs to show affirmatively that it can be ascertained from the record in whose favor the judgment sued on was rendered. (Shackleford v. Fountain's Heirs, 1 T. B. Mon., 252; Parsons v. Spencer, 7 Ky. Law Rep., 329.)

Second. Because appellant was a married woman at the time the. judgment was rendered against her.

Third. Because no specific relief was prayed for against her.

2. A void judgment is a nullity, and all proceedings under it are void. (Haynes v. Oldham, 3 Mon., 267; Landrum v. Farmer, 7 Bush, 49; Green v. Breckinridge, 7 Mon., 545; Roberts v. Stowers, 7 Bush, 296; Freeman on Judgments, secs. 116, 117.)

3. But if said judgment of the Kenton Circuit Court was not void as to appellant, it is clear that the judgment enforcing that judgment, appealed from herein, is erroneous:

First. The lower court erred by allowing the amended petition to be filed.

Second. The lower court erred by sustaining plaintiffs' demurrer to the plea of limitation.

If said Kenton judgment was a personal judgment against appellant, it was void as to her, because she was a married woman. If it was not a personal judgment against appellant, then, in this action to enforce that judgment, she had the right to rely upon the statute of limitations as a bar. (Jones' Adm'r v. Commercial Bank of Ky., 78 Ky., 422.)

Third. In view of the direct issue made by the pleadings, and the total failure of the record to demonstrate the alleged fact that the plaintiffs in this action are the heirs of the deceased devisees of John J. Flournoy, deceased, who are named in said Kenton judgment, it was necessary for plaintiffs to prove their identity and heirship before they could show any right to enforce said judgment, if it were enforceable in all other respects. (Freeman on Judgments, sec. 154.)

E. W. HAWKINS, BUTLER HAWKINS, GEORGE E. PREWITT FOR APPELLEES.

1. The answer does not allege that defendant was not a party, or

Stevenson v. Flournoy, &c.

served with process ·in the action in which the judgment sued on was rendered; but the allegation is, that he was not served with process, nor a party to any action ·in the Kenton Circuit Court "in which any cause of action against these defendants was alleged." This is merely a conclusion of law, and, therefore, not good as an attack upon the judgment.

2. A judgment against an administrator is *prima facie* evidence against the heirs in a proceeding against them to subject land descended to them to the payment of the debt for which the judgment was rendered. (Hopkins v. Stout, 6 Bush, 677; 6 Mon., 1.)

3. The record showing affirmatively that Stevenson and wife appeared purports absolute verity, and can neither in a direct nor a collateral proceeding be attacked without an allegation and proof of fraud upon the part of plaintiff in procuring it. (Walker v. Robbins, 14 How., 352; Taylor v. Lewis, 2 J. J. Mar., 400; Rodger v. Caldwell, 5 Dana, 512; Wilcox v. Cassick, 2 Mich., 165; Spencer v.̇ Rockaway, 1 Ohio, 357; 6 Ohio, 43; Newcomb v. Peck, 17 Ver., 302; Tapham v. Briggs, 1 Williams, 26; Warren' v. Tuch, 16 Mo., 102; Holbert v. Montgomery, 5 Dana, 11; Newcomb v. Newcomb, 13 Bush, 562; Barbour v. Newkirk, 7 Ky. Law Rep., 557; 18 B. Mon., 102; 7 Bush, 505; 1 Smith's Leading Cases, p. 842; Ferguson v. Crawford, 70 N. Y., 253; Freeman on Judgments, secs. 130, 134; *Idem*, sec. 116; Wood v. Wood, 78 Ky., 625; Coit v. Haven, 30 Conn., 199; Pratt v. Dow, 56 Me., 81; Yaple v. Titus, 41 Penn., 202; Shawhan v. Laffer, 24 Iowa, 217; Cook v. Darling, 18 Pick., 393; Carpenter v. Oakland, 30 Cal., 439; Galpin v. Page, 18 Wall., 354; Broomfield v. Dyer, 7 Bush, 505; Hall v. Williams, 6 Pick., 232; Shumway v. Stillman, 6 Wend., 447; Rust v. Frothingham, Breese, 258; Welch v. Sykes, 3 Gilm., 197; De Barr v. Gatewood, 4 Ky. Law Rep., 233.)

4. If the judgment can be attacked, it can only be done in the court that rendered it by a direct proceeding to vacate it. (Newcomb v. Newcomb, 13 Bush, 544; Jones v. Edwards, 78 Ky., 6; Dunlap's Heirs v. McIlroy, &c., 3 Litt., 270.)

5. A judgment in favor of "heirs" or "descendants" is sufficiently certain if, by reference to the record, their identity can be established. (Shackelford v. Fountain's Heirs, 1 Mon., 253; Parsons v. Spencer, 83 Ky., 329.)

6. As appellant was made a defendant, and duly served with process in the original case of Elliott v. Winston, there was no necessity for the co-defendants to have presented a cross-petition against her, or to have had process served upon her to authorize the judgment in the Kenton Circuit Court. (Sale v. Crutchfield, 8 Bush, 647.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is an action to enforce the following judgment rendered in the Kenton Circuit Court on January 29, 1881, against certain real estate held by and devised to the appellant, Sibella Stevenson, by her father, Samuel Winston:

* * * "It is now further adjudged that the following defendants, to wit: The descendants of Samuel Flournoy, deceased; the descendants of Elizabeth J. Henry, deceased; the descendants of Patsey Wells, deceased; the descendants of Robert Flournoy, deceased; the descendants of David Flournoy, deceased (except Thomas Flournoy, T. B. Flournoy, Agnes Cross, and the descendants of Cassandra Ford), and the descendants of Francis Flournoy, deceased (except Robert J., J. J., and Walker S. Flournoy), recover as follows; * * * and second, from defendants W. H. Fitzgerald, administrator of Samuel Winston, deceased, and Sibella Stevenson, Thomas M. Winston, Orville M. Winston, Susan Quattelbaum, and Mary W. Berry, the sum of eighteen thousand three hundred and seventy-five dollars and fifty-seven cents, with interest thereon from September 19, 1876, until paid, and their costs in this behalf expended, to be levied, first, of assets in the hands of said administrator, and then of the estate of Samuel F. Winston, deceased, and Mary F. Winston, deceased, and therefor they may have execution."

A brief statement of the matters leading up to this judgment is necessary.

John J. Flournoy died testate in 1834, being the owner of a considerable estate. He gave it all to his

wife, Agnes Flournoy, for life, with the right in her to dispose of one-half of it, the other half to go to his brothers and sisters and their heirs. She became his executrix, and took control of the entire estate. She died in 1840, leaving a will, by which she disposed of one-half of the property. Samuel Winston became her executor. He took control of the entire estate of John J. Flournoy, which remained in the hands of his widow at the time of her death, and so continued until his death, in 1850. He died testate, leaving his estate to his wife, since deceased, and their six children. In 1852 E. N. Elliott and others, who were devisees of Agnes Flournoy, brought suit against the personal representative of Samuel Winston and his devisees for a settlement of the estates of John J. and Agnes Flournoy. The devisees of the one-half of the John J. Flournoy estate not devised to his wife, or, at least, some of them, were made defendants. They, by cross-petition against Samuel Winston's personal representative and devisees, asked, in substance, a settlement of the John J. Flournoy estate, and judgment for their portion. The judgment in their favor, copied above, resulted. Execution issued upon it against Samuel Winston's personal representative, to be levied of assets, and against his devisees, but to be levied of devised estate in their hands, and was returned "no property."

It is now urged in this action, brought in a different court from that in which said judgment was rendered, that it was void for uncertainty as to the beneficiaries of it; also because the appellant was then a *feme covert*, and because no specific relief was asked against

her in either the petition or the cross-petition. There is a plea of *nul tiel* record, but as it must be determined by the record, it is unnecessary to notice it further than to say that a properly certified copy of the judgment was filed in this action.

It was held in Shackelford, &c., v. Fountain's Heirs, 1 Mon., 252, that a judgment in favor of "Fountain's heirs," without naming them individually, was not void for uncertainty. The court said: "If the court below rendered such judgment, even if it is erroneous, we can not say that it is void for uncertainty." In the late case of Parsons, &c., v. Spencer, &c., 83 Ky., 305, such a judgment was held not to be void. It is to be presumed in such a case that the record of the suit discloses the individual names. No injustice can be done, because, if questioned, certainty can be reached as to those in whose favor the judgment was rendered by reference to the papers of the suit. The same rule applies where a judgment is in favor of the descendants of a person without naming them individually. It is not *in forma*, but yet it is not void. It was to be levied only of assets in the hands of the personal representative, or of the estate of Samuel Winston in the hands of the devisees; and the prayer for relief, in our opinion, authorized that granted.

The appellant and her husband (now deceased) were made defendants to both the petition and the cross-petition in the old suit. The denial in their answer in this action is: "The said defendants deny that they were parties to any action in said Kenton Circuit Court wherein the said plaintiffs herein, or

their principals, were parties-plaintiff, "*and* in which any cause of action against the defendants was alleged or set forth as a foundation for or ground of the alleged judgment, to which they, in any manner, appeared, or in which they were served with process thereon."

A pleading is to be construed most strongly against the pleader, and this denial can not be regarded as negativing the averment that they were parties to the old suit, but that they were not parties to an action wherein the appellees were plaintiffs, *and* in which any cause of action against the defendants was alleged or set forth as a foundation for or ground of the alleged judgment.

It is distinctly averred in the reply that the appellant and her husband were made defendants to the petition and cross-petition in the old suit; that they were served with a summons upon the petition, and that they, in person, entered their appearance to the cross-petition. All this is not denied. No rejoinder was filed. Moreover, a copy of the order made in the old suit, reciting that they entered their appearance, is filed in this action. All this took place years ago. It is true the appellant and her husband testify that no summons was ever served upon them, and that they never entered their appearance to the cross-action; but with the lapse of time these transactions may well have passed out of mind; besides, proof without proper pleading can not avail a party. But aside from all this, a rule of law must control. It is not claimed there was any fraud in the obtention of the judgment. The personal representative

of Samuel Winston was regularly before the court, and a judgment against him is *prima facie* evidence against the heirs in a proceeding against them to subject land devised to them to the payment of the testator's debt.    (Hopkins, &c., v. Stout, 6 Bush, 375.) It is a domestic judgment; it was rendered by a court of general jurisdiction, and it is not now assailed in the court which rendered it.    The record shows affirmatively that the party was before the court.    Our Code of Practice provides how and when a judgment may be vacated, and it has not been followed in this instance.    In the absence of an averment of fraud upon the part of the party procuring the judgment, and evidence to support it if denied, the record showing, as it does in this instance, the service of a summons upon the petition, and an entry of appearance to the cross-petition, imports absolute verity. The stability of judicial proceedings, the proper protection of honest litigants, and of those who acquire rights and titles from them by virtue of the litigation, require this rule.    (Walker v. Robbins, 14 Howard, 352 ; Taylor v. Lewis, 2 J. J. Mar., 400 ; Roberts v. Caldwell, 5 Dana, 512 ; Newcomb v. Newcomb, 13 Bush, 562.)

This judgment has not been vacated or reversed, and it is not attacked for fraud.    Indeed, we incline to the opinion that an entry of appearance to the cross-petition was unnecessary to the support of the judgment.    The action was to settle an estate, and the court, by way of doing so, and giving complete and final relief, adjudged to the appellees, although they were defendants in the action, the sums to which

they were entitled against the Winston estate. The present action was brought in the name of some of the beneficiaries in the judgment for all of them, be cause, as the petition states, they are very numerous and widely scattered. A special demurrer was filed for a defect of parties-plaintiff, and sustained. An amended petition was then filed over the objection of the appellant, making all the beneficiaries in the judgment parties-plaintiff, and setting forth their names. It is urged that this was error, because the court had already sustained a general demurrer to the petition, upon the ground that no cause of action was stated, and this amendment, merely giving the names of parties-plaintiff, did not add to the sufficiency of the petition.

It does not clearly appear that the general demurrer was sustained. The court evidently did not think so, as it proceeded to a judgment upon the merits. Such action upon the demurrer would have been erroneous, and if, in fact, had, it was subsequently properly disregarded by the court, and it was proper to perfect the petition by making the proper parties plaintiffs.

The third paragraph of the answer attempted to rely upon limitation. By the sixth paragraph of it the appellant endeavored, without alleging fraud, to go behind the judgment in the old suit, and relitigate the matters settled by it. The demurrer to each of these defenses was properly sustained. The judgment in the old suit was conclusive until vacated or reversed. The appellant was a party to the old action brought in 1852. The statute authorized an action for the debt of the ancestor against both his personal representative

and his heir or devisee, provided the latter received property from him. It is true the appellant was a married woman when the judgment was rendered; but it provides that it is only to be levied of estate held by her derived from the testator. An action was pending against her to subject the property, which the judgment in this action orders to be sold, from 1852 until 1881, when the judgment in the old suit was rendered determining that it was liable for the debt. This fixed its liability for it, and renders the plea of limitation unavailing. It was in issue in the old suit, whether the estate received by her from her father was liable. The court decided there that it was, and the appellant was thereby concluded as to this question. She had her day in court. Now, that judgment is merely being enforced.

It is lastly contended, that the answer of the appellant raised an issue as to the right of the party-plaintiffs in this action to enforce satisfaction of the judgment of the Kenton Circuit Court. There is no evidence showing that they are the same parties who obtained that judgment. It is, however, averred that they are the same, and this is not put in issue. The answer says: "The said defendants say they have neither knowledge nor information sufficient to form a belief upon as to whether or not the said plaintiffs, or those for whom and in whose interest they profess to sue, sustain the relation alleged by them to the said "John J. Flournoy, or to any of his brothers or sisters; and, therefore, they deny the plaintiff's allegation thereof, and call for proof." This can not be regarded as a denial that the parties

now suing are those who obtained the judgment; and, as it is in force, if they are the persons in whose favor it was rendered, it is immaterial what relation they sustain to John J. Flournoy, or his brothers or sisters. The judgment is conclusive of every thing behind its rendition.

The judgment is affirmed, Chief Justice Lewis not sitting.