CASE 52—PETITION EQUITY—DECEMBER 1.

# Baker, Etc. v. Hines, Etc.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

1. HOMESTEAD EXEMPTIONS—PROCEEDS OF LIFE INSURANCE.—Where a widow purchased with the proceeds of her husband's life insurance land which she used and occupied as a homestead, it is exempt to her as against a judgment rendered after the purchase thereof, for goods, not necessaries, bought by her while she was a married woman and not a *feme sole*.

2. SUBSISTING DEMAND.—Inasmuch as a contract of a married woman not for necessaries is absolutely void, such a claim before it is reduced to judgment is not a subsisting demand within the meaning of the statute against conveyances without consideration.

3. FRAUDULENT CONVEYANCES.—The disposition of a homestead by a debtor, whether voluntary or for a valuable consideration, can not affect the rights of judgment creditors.

E. R. WEIR, JR. FOR APPELLANT.

1. At the time Mrs. Baker created the debts she was a married woman and had no power to bind herself, and therefore at the time of the conveyance to Covington the claims of appellees were not existing demands against her, and the homestead was exempt as against them.

E. W. HINES ON SAME SIDE.

1. Mrs. Baker was a married woman when she purchased the goods from appellees and was not empowered to trade as a *feme sole* and no liability was created by the purchase; that being true appellees could have had no subsisting demand against her at the time of the conveyance to Covington.

2. The homestead was purchased by the wife with the proceeds of insurance upon the husband's life, and will be treated as if it descended to the wife from the husband. Jewell v. Clarke's Executor, 78 Ky., 398.

JONSON & WICKLIFFE FOR APPELLEES.

1. The agreed facts together with the evidence show that the deed was made without consideration.

2. While the defense of coverture might have been presented by Mrs. Baker when she was sued on the accounts, yet when she failed to put in such defense and permitted judgment to go against her on the claims she is precluded from asserting that there was no subsisting demand against her. Stevenson v. Flournoy, etc., 89 Ky. 561.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, Mrs. M. P. Baker, in the year 1892 was a married woman, and, though not a feme sole, was engaged in the mercantile business in Warren county, Ky., near Bowling Green, and while thus engaged she purchased goods and merchandise of appellees, Hines & Co. and Ragon Brothers, to the amount of several hundred dollars, that was never paid. In March, 1894, and after the death of the husband of appellant, M. P. Baker, these appellees brought suits for the amounts due them respectively in the Warren circuit court against appellant, M. P. Baker, in person, as well as executrix *de son tort*, of the estate of W. B. Baker, her husband. In these two actions by appellees judgment was rendered by default for the sums claimed against both the administrator of W. B. Baker, appellant, M. P. Baker, as executrix *de son tort*, and personally. On these judgments *fieri facias* were issued to the sheriff of Warren county, and by him returned "no property found."

Appellees then had executions issued to Muhlenberg county, which the sheriff of that county returned no property found.

This action was then instituted by appellees jointly seeking to set aside a conveyance of some land described, made by appellant M. P. Baker, to appellant M. B. Covington, which deed was made November 25, 1892, and for the recited

consideration of $500 cash in hand paid. The reasons alleged by appellees for setting aside said conveyance are that the same was voluntary, and without any consideration, and made for the purpose of defeating appellees and other creditors of appellant, M. P. Baker, in collecting their claims.

Appellant Covington filed answer, denying any fraud in the conveyance, but said it was regular and for the consideration recited, which was paid. In a second paragraph he alleged that at the date of the deed and before, and long before the date of the filing the suit in the Warren Circuit Court and before the judgment was rendered against appellant, M. P. Baker, and in favor of appellees, that M. P. Baker was occupying the land as a homestead, and had no other home, and was a widow, with children, and alleged that under this state of facts there could be no fraud in the deed to him, even if it had been without consideration.

Appellees filed an amended petition, in which is alleged the fact that the land was bought by appellant, M. P. Baker, after the debts due them were created, and that at the time of the creation of these debts she owned no homestead.

On the issues thus presented the case was tried on proof and an agreed statement of facts. The agreed statement of facts show that the goods were bought by appellant, M. P. Baker, during the lifetime of her husband; that at the death of her husband they were unpaid for; that after the death of appellant's husband she received some insurance money on his life; that she bought the land in controversy before the appellees brought their actions in the Warren Circuit Court on the account for goods; that at the time of the purchase of the goods appellant, M. P. Baker, owned no home-

stead, and that this land was bought after the purchase of
the goods from appellees; that the land was paid for out of
the life insurance money, and the same was immediately af-
ter purchase used and occupied by her as a homestead.  Up-
on this agreed statement and the proof of the chancellor ad-
judged the deed to Covington fraudulent and void and sub-
jected same to the debts of appellees, and from that judg-
ment this appeal is prosecuted.

If this land in the hands and possession of appellant Ba-
ker is not subject to appellee's debt, this deed to Covington,
though voluntary and without consideration, does not affect
their rights; for if it was exempt to Mrs. Baker, it was be-
cause it was a homestead, and, if such, she had a perfect
right, so far as her creditors were concerned, to deed it with-
out consideration.  So the important inquiry is, was this
land exempt to Mrs. Baker from the debts of appellees?

It is contended by appellants that at the date of the deed
from M. P. Baker to Covington there was no existing de-
mand against M. P. Baker.  At the date of the deed the
claim of appellees was in the shape of an open account; had
not been reduced to a written contract or judgment.  The
only obligation on M. P. Baker at the date of this deed was
her contract to pay for the goods made while she was a mar-
ried woman, and not a feme sole.  So it is clear that as a
contract of a married woman, not for necessaries, is abso-
lutely void, this claim of appellee was not a subsisting de-
mand against M. P. Baker at the date of the deed to appel-
lant Covington (Parsons v. Spencer, 83 Ky., 305; Spencer v.
Parsons, 89 Ky., 578; Green v. Page, 80 Ky., 368).   This
court in the latter case saying "the general rule being that

all contracts attempted to be made by a feme covert were void." This court held in Chaney v. Flynn, 2 Ky. Law Rep., 417, that the contract of a married woman is void, and can not be subsequently ratified. It is unnecessary to determine the effect or validity of the judgment of the Warren Circuit Court against appellant Baker, as the same was rendered after the deed was made, but suffice it to say that in no event can the claim of appellees be extended further back than the date of that judgment. Nor is it necessary to determine whether the deed from M. P. Baker to Covington was for a valuable consideration or was voluntary, as in our opinion of the case, it can make no difference to appellees.

It, therefore, follows that the land deeded to appellant and sought to be subjected in this action was exempt to appellant, M. P. Baker, as a homestead at the date of the deed, and her disposition of same can not be held fraudulent as to the claims of appellees in this action.

Wherefore, the judgment is reversed and cause remanded, with directions to dismiss the petition absolutely, so far as it seeks to subject this land deeded to Covington to the payment of their claims.