## Carney, et al. v. Yocum's Heirs, et al.

(Decided June 8, 1917.)

### Appeal from Washington Circuit Court.

1. Infants—Judgment.—Where real estate left by a decedent is sold under judgment of a court, subject to the widow's right of homestead therein, to pay the debts of the decedent and one of the decedent's children then an infant, though a defendant to the action, was not served with process, the judgment and sale were void as to him, and were properly so held by the circuit court, in an action subsequently brought by him to recover his interest in the land.

2. Infants—Judgment.—But another child of the decedent who, though an infant at the time of the institution of the action and when the judgment was rendered under which the land was sold, was duly served with summons, but for whom a guardian ad litem was not appointed or report by such guardian made, was not entitled, in a subsequent action brought by her to recover her alleged interest in the land, to collaterally attack the judgment in the first action. Such judgment was not void as to her, but only voidable, and the only remedy available to her for setting it aside was an appeal to the Court of Appeals which was not taken.

H. W. RIVES and W. F. NIEKIRK for appellants.

W. C. McCHORD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming on original appeal and reversing on cross-appeal.

Daniel Carney, at the time domiciled in Washington county, this state, died in the latter part of the year 1876 intestate, survived by his wife and six children, leaving a personal estate of little value and a small tract of land worth less than $1,000.00. The personal representative, Jacob Brinkley, whose appointment and qualification as administrator was made and had October 29, 1877, brought suit in the Washington circuit court to obtain a sale of the land left by the decedent for the payment of his debts, alleging in the petition that after setting apart to the widow the articles of personal property allowed her by the statute and paying to her the money in lieu of provisions for the support of herself and family required by the statute, there was left a small amount, named in the petition, which was insufficient to pay the decedent's debts. The widow and heirs at law of the decedent, together with certain of his creditors, were made defendants to the action. An order was entered referring the case to the master commissioner for a report of the assets and liabilities of the estate, and a settlement with the administrator. The report later made by the master commissioner charged the administrator with $201.15 received as assets of the estate and credited him with $112.40 properly paid for the estate, leaving a balance in his hands of $88.75. The report showed the indebtedness of the estate to be as follows: Preferred claims allowed, $67.50; general claims, $152.64; leaving a deficit of $131.39. On November 8, 1878, the commissioner filed a second report which allowed a claim of $91.05 in favor of Thomas W. Reed, which was secured by a mortgage lien on the land left by the decedent, which, with the claims previously reported and the commissioner's fee of $5.00 for making the report, made the total indebtedness of the estate over the assets in the hands of the administrator, $227.44. This report was not followed by a sale of the land. At the October term, 1879, Martha Carney, the widow of the decedent, filed an answer in which she claimed a homestead in the land for the benefit of herself and infant children, alleging that it was worth less than $1,000.00, and praying that commissioners be appointed to allot the homestead to her. On the 22nd of November, 1879, by an order of the court then entered, three commissioners named therein were appointed to allot the homestead. This duty they performed as shown by their report later made to the court, which contains, among other things, the following:

"The land being of inferior quality and the dwellings and other buildings being nothing extra, we allot to Martha Carney the entire tract as homestead.'"

To this report, exceptions were filed by the administrator on the ground that the land was worth more than $1,000.00. The exceptions were overruled by the court and the report confirmed. No further steps were taken in the case until three years later, when Seay and Yocum, two of the creditors, whose claims had been reported by the master commissioner, filed in the action a pleading which, though not so entitled, was in meaning and effect an intervening petition, answer to the administrator's petition and reply to the widow's answer, wherein they set up their unsatisfied claims and alleged that two of the children of the decedent, Martha Carney and Alice Carney, who were infants at the time of the institution of the action by the administrator, had become twenty-one years of age, and asked that the land, or enough thereof for the purpose, be sold to satisfy the claims of the creditors of the estate subject to the widow's right of homestead. At the March term, 1883, by a judgment of the court then entered, the master commissioner was directed to sell the land, or enough thereof, which had been allotted to Mrs. Carney as a homestead, subject to her right of homestead therein, to satisfy the unpaid claims against the estate. It should here be remarked that although the debt of Thomas W. Reed was secured by a mortgage lien on the land superior to the widow's right of homestead therein, and he had the right to have enough of it sold, free from the homestead, to pay his debt, owing to his disinclination to disturb the widow and children in their use of the homestead, he made no objection to the land being sold subject to the homestead. The land was sold under this judgment by the commissioner and as directed therein, on the 28th of May, 1883, at which sale George Yocum, for himself and the other creditors, became the purchaser, subject to the homestead of the widow, at the price of $365.07, which amount was the total of the unpaid debts against the estate, costs, etc. For this sum he executed bond, which he afterwards paid, and the amount so paid was distributed to the creditors. The sale of the land was reported to the court by the commissioner and later confirmed by proper order. But the record fails to show that a deed was made by the commissioner or ordered to be made by him to the purchaser of the land.

It appears from the record that the widow of the decedent, Mrs. Martha Carney, occupied the land as a homestead for nearly forty years and until her death, which occurred some time in 1915.

George Yocum, who purchased the land for the benefit of himself and the other creditors of the Carney estate, died, as did the creditors Reed and Seay, before Mrs. Martha Carney, and after the death of the latter, the heirs at law of Yocum and some of the heirs at law of Reed and Seay, April 30, 1915, brought this action in the Washington circuit court against the heirs at law of Daniel Carney and such of the heirs at law of Reed and Seay as had not united in the action as plaintiffs, to obtain a sale of the land because of its indivisibility, and to recover possession thereof from I. T. Carney, who resided upon it with his mother at the time of her death. The heirs at law of Daniel Carney were made defendants and all brought before the court by the actual or constructive service of summons. One of them, Alice Hardesty, formerly Alice Carney, being a non-resident, was proceeded against by warning order and the appointment of an attorney to represent her, who filed an answer showing his performance of the duty required of him. At the succeeding term of court I. T. Carney filed answer to the petition, denying the right of plaintiffs to a sale of the land and alleging that at the time of the institution of the suit by the administrator, previously mentioned, and the purchase of the land by Yocum, he was an infant under fourteen years of age, and that he was not served with process on the petition in that case; that the judgment was void as to him and did not divest him of his undivided one-sixth interest in the land by the sale made in the suit of the administrator, at which George Yocum became the pruchaser. The claim of I. T. Carney, thus asserted to an undivided one-sixth of the land, was sustained by the circuit court at the November term, 1913. By the judgment then rendered he was declared to be the owner of such undivided one-sixth, and the heirs at law of George Yocum, Reed and Seay, the joint owners of the remaining five-sixths of the land, and the master commissioner directed to sell the land for a division of the proceeds as indicated. The land was sold by the master commissioner in pursuance of this judgment on the 27th day of December, 1913, and R. B. Scruggs became the purchaser at the price of $1,368.85.

After the sale of the land and before its confirmation by the court the appellant, Alice Carney Hardesty, and the other heirs at law of Daniel Carney, filed in this action an answer and cross-petition seeking to set aside the judgment and sale of the land made under the judgment in the suit of the administrator, and also the judgment determining the rights of the parties and directing the sale of the land, rendered in the instant case at the November term, 1915, as well as the sale made thereunder December 27, 1915, at which Scruggs became the purchaser of the land. A demurrer filed by the plaintiffs to this answer and cross-petition was sustained by the court as to all the heirs at law of Daniel Carney except Alice Hardesty, and the action as to all of them except Alice Hardesty was dismissed, the court adjudging that as she was an infant at the time of the institution of the suit of the administrator against the widow and heirs at law of Daniel Carney and as no guardian *ad litem* had been appointed or answered for her, neither the judgment rendered in that action nor the sale later made thereunder, at which George Yocum became the purchaser, divested her of her one-sixth interest in the land left by the decedent, and that only four-sixths interest therein passed to the purchaser, Yocum. The judgment also directed another sale of the land, for a distribution of the proceeds in the ratio of four-sixths to the heirs of Yocum, Reed and Seay, and one-sixth each to Alice Carney Hardesty and I. T. Carney. To this judgment all the parties entered an exception and from it the heirs at law of Daniel Carney have appealed and the heirs at law of Yocum, Reed and Seay, taken a cross-appeal.

In our opinion, the appellants, heirs at law of Daniel Carney, except I. T. Carney as to the one-sixth interest claimed by him, are not entitled to recover the land left by their father or to have the judgment in the action brought in 1877 by his administrator against them and their mother, under which the land was sold and purchased by Yocum, declared void. It is true that Alice Carney Hardesty was then an infant, but she was properly brought before the court, and being over fourteen years of age, she was served with summons at the hands of the proper officer by the delivery of a copy thereof to her personally, as required by the Civil Code. It is claimed, however, that both the judgment and sale of the land thereunder are void because no guardian *ad litem* was appointed for Alice, or answer or report filed by such guar-

dian for her. The record fails to show the appointment of a guardian *ad litem* for her, or that defense was made for her by a guardian *ad litem*, but as she was duly summoned, the judgment was not thereby rendered void. In Newman's Pleading and Practice, section 74b, we find the law on this subject thus stated:

". . . . A judgment against an infant, lunatic or idiot, without either service of process on him or the appointment of a guardian for the infant or a committee for the idiot or lunatic and a defense by such guardian or committee, is absolutely void. But if process is served on the infant or lunatic, or if the court without the service of process improperly appointed a guardian *ad litem* for the infant or a committee for the lunatic or idiot, and such guardian or committee appeared and filed answer for him, the judgment is not void, but voidable only. The law required both, or it is error for which a reversal may be had. But if either be done and the other omitted, the judgment is not void, but valid in any collateral proceeding."

It will be found that the following additional authorities fully support the above statement of the law: Porter v. Robinson, 3 Mon. 253; Bristard v. Gates, 4 Dana 429; Alison v. Taylor, 6 Dana 87; Downing v. Ford, 6 Dana 391; Sherly v. Taylor, 5 B. Mon. 104; Benningfield v. Read, 8 B. Mon. 105; Smith v. Ferguson, 3 Met. 424; Pond v. Doneghy, 18 B. Mon. 558; Simmons v. McKay, 5 Bush 25; Keller v. Wilson, 90 Ky. 354; Jones v. Edwards, 78 Ky. 6; Sorrell v. Samuel, 20 R. 1498; Berry v. Foster, 22 R. 745; Northington v. Read, 25 R. 354; Miller v. Farmers Bank, 25 R. 375; Cheatham v. Whitman, 86 Ky. 614; Hundley v. Sumrall, 144 Ky. 73; Cecil's Committee v. Cecil, 149 Ky. 605; Cox v. Interstate Coal Co., 157 Ky. 373.

The Washington circuit court undoubtedly had jurisdiction of the subject matter of the action brought by the administrator in 1877, and of all the parties to the action, except I. T. Carney, and as said in Cox v. Interstate Coal Co., *supra,* and held in numerous other cases:

"It is a well-settled rule that where the court rendering the judgment in the former action has jurisdiction of the subject matter and the parties, the judgment, although irregular or erroneous, is conclusive so long as unreversed and cannot be attacked collaterally; and this doctrine applies to a judgment affecting infants as well as adults."

Arnold v. Lawson, 146 Ky. 365.

In view of the facts stated and the rule announced by the authorities, *supra*, we must hold that the judgment rendered in the action brought by the administrator, notwithstanding the irregularities in the proceedings, divested Alice Carney Hardesty of her interest in the land. Having failed to appeal from that judgment she cannot, as here attempted, collaterally attack it. This being true, she was not prejudiced by the judgment of the circuit court rendered at the November term, 1913, whereby it was held that the heirs of Yocum, Reed and Seay, by Yocum's purchase of the land under the decretal sale in the action of the administrator, were entitled to all of the land except the one-sixth interest of I., T. Carney therein.

It is equally clear that the heirs at law of Daniel Carney who were adults at the time of the institution of the administrator's action and when the land sold under the judgment in that action was purchased by Yocum, are also concluded by that judgment and sale. Hence, the circuit court did not err in sustaining the demurrer to their answer and cross-petition in the instant action. The only error committed by that court was in not also sustaining the demurrer as to the interest attempted to be asserted by Alice Carney Hardesty. As I. T. Carney was, as already stated, an infant under fourteen years of age at the time of the institution of the action of the administrator and when the judgment was rendered therein was an infant under fourteen years old and was not summoned in the action, the judgment directing the sale of the land and its purchase by Yocum were and are void as to him. Therefore, the circuit court at the November term, 1913, properly adjudged him the owner of an undivided one-sixth interest in the land, and that he be paid the value of that interest from the proceeds of the land when sold as directed by the judgment. The fact, however, that the judgment in the action of the administrator and the sale of the land thereunder to Yocum is void as to I. T. Carney, does not render the judgment void as to his brothers and sisters, the other heirs at law of Daniel Carney, deceased.

It follows from what has been said that the judgment must be and is affirmed on the original appeal and reversed on the cross-appeal, and the cause remanded for further proceedings consistent with the opinion