## Reed v. Runyan et al.

(Decided November 13, 1928.)

### Appeal from Franklin Circuit Court.

1. Judgment.—It is necessary to read judgment in connection with the pleadings.

2.    Judgment.—Failure to set out names of all of defendants in judgment did not constitute an irregularity, where the names of the defendants appeared from the pleadings, and in any event did not render the judgment void for uncertainty.

3.    Judgment.—Failure of affidavit for warning order to show that nonresident defendants were absent from state, though affecting validity of judgment as to nonresident defendants, did not render judgment void in its entirety, and did not give party who was served with process right to complain.

4.    Judgment.—Defendant who was party to action and was served with process could not complain of judgment on ground that no bond was executed to nonresidents defendants, as required by Civil Code of Practice, sec. 410, since this defect did not invalidate the judgment as to her.

5.    Judgment.—Judgment in mortgage foreclosure suit was not void, because there was no process under cross-petition of defendant asserting homestead.

6.    Judgment.—Failure to take proof concerning allegations of petition for foreclosure of mortgages did not render judgment void, where suit was based on written contracts, and any error in this respect would only render judgment erroneous.

7.    Mortgages.—Purchase by administratrix in her individual capacity of property of estate at foreclosure sale thereof held not void, but only voidable at election of persons interested, which must be asserted within reasonable time.

8.    Mortgages.—Plaintiff held not entitled to avoid administratrix's purchase in her individual capacity of property of estate at foreclosure sale on ground that she held the land as trustee for the heirs, where sale had been confirmed, and administratrix and those claiming under her had held possession over 30 years, and plaintiff's delay was not accounted for.

9.    Equity.—Equity will not enforce a stale claim, and will not act unless conscience, good faith, and reasonable diligence are shown.

DULIN MOSS for appellant and appellees, except Underwood Runyan.

LESLIE W. MORRIS for appellees Underwood and Runyan.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Robert Lomax died on October 4, 1887, intestate and without any personal estate, but the owner of a lot in Frankfort on which he had executed two mortgages. He left surviving him his widow, who qualified as his administratrix. On September 2, 1888, Thomas Farmer, who was the holder of the mortgages, brought an action in equity against the administratrix and the heirs praying

the enforcement of the mortgages and the sale of the property. The widow, Fannie Lomax, filed an answer and cross-petition setting up that she was entitled to a homestead in the property, and praying that the land be sold subject to the homestead or that she be paid $1,000 for a homestead. She also filed an answer as administratrix. The case being duly submitted, the court, on February 26, 1889, ordered a sale of the property. The sale was duly made; Fannie Lomax was the purchaser and executed bond as such. The sale was duly confirmed February 12, 1890, and the property was conveyed to Fannie Lomax, who afterwards devised it to her daughter. On August 29, 1917, Mattie Reed Brought this action against the devisee of Fannie Lomax and the other heirs at law of Robert Lomax, charging in substance that the judgment and all the proceedings in the former action were void, and asking a sale of the property and the division of the proceeds. The circuit court sustained a demurrer to her petition, and she appeals.

The first objection made to the judgment in the former action is that the name of each of the defendants was not set out in the judgment. But the judgment must be read in connection with the pleadings, and when so read it shows very clearly who are the defendants. Even if it were for this erroneous, it would not be void for uncertainty. Shackleford v. Fountain, 1 T. B. Mon. 252, 15 Am. Dec. 115; Parsons v. Spencer, 83 Ky. 305; Stevenson v. Flournoy, 89 Ky. 566, 13 S. W. 210.

It is also objected that the affidavit for the warning order in that case did not show that the nonresident defendants were absent or believed to be absent from Kentucky. But while this defect would affect the validity of the judgment as to the nonresident defendants, it would not affect its validity as to Mattie Reed, who was a party to the action and served with process. This did not render the judgment void in its entirety. Carney v. Yocum, 176 Ky. 173, 195 S. W. 482. In like manner it is not material, so far as the plaintiff is concerned, that no bond was executed to the nonresident defendants as required by section 410 of the Code. This is a matter that these defendants might complain of, but it is no ground of complaint for the plaintiff.

The judgment is not void because there was no process upon the cross-petition of Fannie Lomax setting up

her homestead. She got nothing under the judgment. The land was indivisible. The sale was properly adjudged under the plaintiff's petition. The land only brought at the sale the amount of the mortgage debt. No exceptions were filed to the sale. The order confirming it was final and was not void. A failure to take proof sustaining the allegations of the petition did not render the judgment void. In fact, the suit was based upon the written contracts, and even if there was any error in these respects, this would only render the judgment erroneous.

Lastly, it is insisted that Fannie Lomax, being the administratrix of the estate, held the land under her purchase as trustee for the heirs. But the rule is well settled that such a purchase is not void. It is only voidable at the election of the persons interested, and in numerous cases it has been held that this election must be timely made and will not be adjudged after such a length of time as elapsed here. See Spurlock v. Spurlock, 161 Ky. 248, 170 S. W. 605, and cases cited.

Equity will not enforce a stale claim. When this suit was brought, Fannie Lomax and those claiming under her had held the land over 30 years under the deed approved by the court conveying the land to her in fee simple. The long delay is not accounted for. Nothing can call into activity a court of equity but conscience, good faith, and reasonable diligence. Reasonable diligence was clearly lacking here, and on the whole case the petition was properly dismissed. Severns v. Hill, 3 Bibb 240; Frame v. Kenny's Heirs, 2 A. K. Marsh. 145, 12 Am. Dec. 367; Harrod v. Fountleroy, 3 J. J. Marsh. 548; Hatcher v. Fields, 205 Ky. 462, 266 S. W. 18.

Judgment affirmed.