ANNA CHANEY ET AL. *v.* LEVI FLYNN ET AL.

[Kentucky Law Reporter, Vol. 2—417.]

**Contract of Married Woman for Sale of Land.**

A married woman can not make a valid contract for the sale of her land, and since such a contract is void it can not be ratified by her after the death of or divorce from her husband.

**Rights of Occupying Claimants.**

Occupying claimants, under deeds of conveyance, are entitled to have lasting improvements made by them set off against the rents of the land.

APPEAL FROM ESTILL CIRCUIT COURT.

April 30, 1881.

OPINION BY JUDGE HARGIS.

Allen Flynn left Kentucky in 1851 or 1852 and removed to Arkansas. At that time he owned about 1400 acres of land in the

county of Estill.  He appointed his brother, Levi Flynn, his agent
to rent and care for the land during his absence.  He died in Ar-
kansas during the year 1868, leaving the female appellant his only
heir at law.  She married, and in 1869 she and her husband wrote
to Levi Flynn to sell the 1400 acres.  He offered her $1,000 for it,
and she agreed, by letter, to take it under certain payments.  Im-
mediately he enclosed, in a letter accepting her proposition, his
promissory notes in accordance with it.  But before they reached
her she had changed her mind, and returned the notes by letter, to
him.

She thereafter obtained a divorce, and came to Kentucky in 1872.
She stayed with Levi Flynn nine months.  When she arrived, he
told her that he had sold the home place of her father, but could
get it back for her; but proposed to let her have a tract of land
known as the "Hoover place" at the price of $800, to be credited on
the $1,000 she had agreed, by letter, to take for the lands descended
to her from her father.  She verbally consented to take the Hoover
place at $800, and took possession of it, and lived on it one year, and
received some rent from a tenant whom Flynn had placed on the
land.

She became dissatisfied, left the "Hoover place," and brought this
suit for the 1400 acres of land against the appellee, Levi Flynn,
who had sold all except $150 worth of it to his coappellees, whom
she sued in separate actions, which were consolidated with the ac-
tion she brought against him.

The appellee, Levi Flynn, answered, relying upon the facts above
stated as a defense to the action.  His vendees adopted his defense,
and alleged that they had made certain lasting and valuable im-
provements on the lands.  Upon a hearing, the court below dis-
missed her petition, and she and her husband, whom she married
after she came to Kentucky, prosecute this appeal from that judg-
ment.

It is clear that she made a contract, by letter, with the appellee,
Levi Flynn, while she was in Arkansas, but she was at the time a
married woman, and the contract was void for that reason.  Her
subsequent agreement to take the "Hoover place" did not, and could
not, amount to a ratification of the contract made with her while
she was laboring under a disability that rendered her contract void,
it being settled that a void contract can not be ratified.  At the time
she agreed to take the "Hoover place" she was discovert and compe-

tent to contract, but the evidence of a legally binding contract is wanting in regard to that agreement, as it was not in writing. It is clearly within the statute of frauds, and is not enforcible. It leaves her as if she had never contracted to sell the 1400 acres at all.

The consequences which may follow, by reason of the sales made by Levi Flynn, can not abrogate well established rules of law. And as this record does not show that the vendees purchased from him by reason of any promise of the female appellant made to them, they can not defeat her action by reason of the injury to them, as they have their remedy against the appellee, Levi Flynn. His vendees are entitled, so far as the appellant is concerned, to have their lasting improvements set-off against the rents, but to no greater extent, and for the excess, if there be any, they must look to their vendor.

We have not recounted the particulars of the evidence, because the legal effect of the status of the appellant, when the first contract was made with her, and the absence of any written memorial of the second contract, renders the defense to her action insufficient to defeat it.

But the failure of the appellee, Levi Flynn, to disclose to her that he had collected $462 of rent as her father's agent, and the further fact that he sold the 1400 acres, except the $150 worth which he still holds, for the sum of $3,382, and yet was only proposing to give her $1,000 for the land and for what he might owe her father, gives strong color to the equity of her claim, and casts doubt over the propriety of the transaction upon his part.

He should be charged with the rents he admits he collected, with interest from the time he annually received it, and credited with one-half thereof, which he testifies his services as agent were worth—there being no opposing evidence on that point. She should be charged with the value of the rent of the "Hoover place" during the time she occupied it, and for any rent or benefit she may have derived from its use by others, and the same should be set off against the amount due by Levi Flynn for rents collected for her father, and a personal judgment rendered in favor of the party holding the excess, and a judgment should be rendered in her favor for the 1400 acres of land.

Therefore the judgment is *reversed,* and cause remanded with directions to render judgment in conformity to this opinion.

*Robert Fluty, J. B. White, for appellants.*

*H. C. Lilly, for appellees.*

[Cited, *Baker v. Hines,* 102 Ky. 329, 19 Ky. L. 1354, 43 S. W. 452; *Holloway's Assignee v. Rudy,* 22 Ky. L. 1406, 6 S. W. 650, 53 L. R. A. 353; *Rupple v. Kissel,* 24 Ky. L. 2371, 48 S. W. 40.]