*J. J. Landrum, for Ford and Lillard.*

---

PRICE *v.* KEENEY, ET AL.

[Kentucky Law Reporter, Vol. 5—706.]

**Estoppel of a Married Woman.**

    A married woman who has executed a note, not for necessaries, who makes no defense but allows judgment to be taken against her as well as against her husband and a surety, is not estopped from showing, when the surety has paid the judgment and taken an assignment of it, that she was at the date of the judgment and ever since has been a married woman and since that her property can not be levied upon to pay such judgment.

APPEAL FROM ADAIR CIRCUIT COURT.

March 15, 1884.

Opinion by Judge Hines:

Appellant was surety on a note for P. W. Vaughn and his wife, M. C. Vaughn. Suit was brought on the note and personal judgment taken against all, with no suggestion in the record that M. C. Vaughn was a married woman. Appellant paid the judgment and had it assigned to him, and then brought this action in equity to subject to its satisfaction certain lands descended to Mrs. Vaughn subsequent to the creation of the debt. To this it is answered that at the time of the execution of the note, and also at the time of the rendition of the judgment against her, Mrs. M. C. Vaughn was a married woman and under all the disabilities of coverture, to which it is replied that Mrs. Vaughn is now estopped to make that defense because she did not interpose it in the action in which personal judgment was rendered against her. From a judgment dismissing the petition this appeal is taken.

It is insisted for appellant in argument, as in pleading, that Mrs. Vaughn is estopped to impeach the personal judgment rendered against her; that the judgment is valid until reversed or set aside by direct proceedings. Conceding, for this purpose only, that this is true and that the judgment is not void, it does not follow that it is an enforcible judgment. There can be no application of the doctrine of estoppel which will prevent Mrs. Vaughn from showing that she was a married woman at the time of the rendition of the judgment—a fact of which appellant was cognizant, as he does not pretend to a want of knowledge, or that by the failure to then plead that fact he was in any way misled to his prejudice. There can be no estoppel where the act or the failure to act was not prejudicial to the party complaining by reason of his reliance thereon. She may do this, not for the purpose of showing that the judgment is void, but for the purpose of showing that the property sought to be subjected is not liable under the statute. Where it is shown, as here, that a woman is under all the disabilities of coverture, she has no power to bind her estate by any contract of hers except for the purpose and in the manner prescribed in the statute; and as the general rule is that she can not bind her estate, it devolves upon the person seeking to subject the property to

show that his claim comes within the exceptions. It is not shown that the debt which appellant was compelled to pay was for necessaries, without which the land of the wife held as general estate, as this is, can not be subjected to the payment of her debts. This court said in the case of *Green v. Page,* 80 Ky. 368, 4 Ky. L. 192, that in a suit by an assignee against an assignor it was not necessary, in order to establish legal diligence, to take personal judgment against a feme covert who was a party to the note, although it might have been done, because such judgment would have been worthless, since the note was not executed for necessaries, and therefore did not come within the statutory exceptions. It may be said in this case that the evidence affirmatively shows that the debt was not created for necessaries, and it may also be said that the pleadings in this case admit that Mrs. Vaughn was, at the time of creating the debt and at the time of judgment, under all the disabilities of coverture.

In those states where a married woman may bind her estate generally, without regard to the character of the consideration for her promise, a different rule would apply.

Judgment *affirmed.*

*H. C. Baker, for appellant.*

[Cited, *Gilbert v. Brown,* 29 Ky. L. 1248, 97 S. W. 40.]