## M. PAXSON ET AL. v. C. V. NIELDS.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF NORTHUMBERLAND COUNTY.

Argued May 26, 1890—Decided January 5, 1891.

A note given by a widow for the payment of a debt due from her deceased husband's estate, which estate is insolvent, is void in law without a new consideration; and such consideration will not be raised by an agreement on the part of the creditor that the note will be renewed from time to time after maturity: Leonard v. Duffin, 94 Pa. 218; Bentley v. Lamb, 112 Pa. 480, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 22 July Term 1890, Sup. Ct.; court below, No. 362 September Term 1886, C. P.

On August 21, 1886, Moses Paxson and others, doing business as Paxson, Comfort & Co., brought assumpsit against Mrs. C. V. Nields. Issue.

### Statement of Facts.

At the trial on October 17, 1889, the plaintiffs put in evidence a note, not under seal, made by C. V. Nields, the defendant, to the order of Paxson, Comfort & Co., dated February 7, 1886, for $267.94, at ninety days, and rested. In defence, Mrs. Nields was called in her own behalf and testified that she was the widow of Theodore F. Nields, who died at West Chester on October 22, 1883, while in the furnishing and undertaking business, and indebted to the plaintiffs, merchants in Philadelphia, upon two notes, one for $110, another for $190, and upon an open account for $7.52, in all, $307.52; that she was the executrix of her husband's will, and his estate was insolvent; that she had received the benefit of the widow's exemption law, and continued the business of her husband after his death until in October, 1885, buying her goods from the plaintiffs and regularly paying for them; that on April 28, 1885, Moses Paxson, of the plaintiffs' firm, came to her at West Chester, and asked her to give a note for the full amount of her husband's indebtedness to said firm; "I said if I was able and would continue the business, I would do it; he said it was my duty and a point of honor for me to try to do it, as I was carrying on his (my husband's) business; so, I was finally induced to give it to him, though not on that day;" that the next day she received a letter from the plaintiffs enclosing a negotiable note dated April 29, 1885, drawn to the order of the plaintiffs for $307.52, at three months, for the defendant to sign, and stating that on receipt of the note the plaintiffs would return the two notes against her husband and a receipt in full for the open account, enclosing also a certificate under seal signed by the plaintiffs that they had accepted the defendant's note for $307.52, in full settlement of her husband's indebtedness, and agreed to renew said note at three months, from time to time, provided there should be at least from $15 to $25 or more, with interest, paid on or before maturity of each renewal and "to continue until the same shall be paid in full;" that the defendant signed and returned the note to the plaintiffs, and the next day received a letter from the plaintiffs enclosing the two notes of her husband, with a receipt upon the account, and stating: "We have received your note, dated April 29, 1885, at 3 months, $307.52, which when paid will be in full of all demands against Theo. F.

Nields, deceased," and asking instructions whether or not the plaintiffs were to receive the dividends which might be awarded upon the claim against the estate, to be credited upon the defendant's note; that on June 18, 1885, the defendant paid to the plaintiffs $16.47, the dividend awarded to their claim out of the decedent's estate, and subsequently made other small payments on her note and gave renewals thereof, the last renewal being the note in suit. By the auditor's report in the distribution of the insolvent estate of Theodore F. Nields, deceased, it was shown that on April 21, 1885, the plaintiffs by their counsel proved before the auditor their claims against said estate, and that a dividend of $16.47, or five per cent, was awarded upon the amount thereof with interest. Moses Paxson, being called by the defendant as if upon cross-examination, testified in substantial agreement with the defendant's testimony, except that he denied that he had persuaded the defendant to give the note, and stated that when the note was given he did not know that the estate of Mr. Nields was insolvent, though he knew that the plaintiffs' claim had been presented before the auditor, the witness saying: "I did not persuade her, held out no inducement; merely made a statement of the facts, and asked if she would give her note in place of the account. She knew that her husband's estate was insolvent, and made herself personally liable without persuasion on my part. She dealt with me nearly two years, paid me everything she owed me."

At the close of the testimony, the court, ROCKEFELLER, P. J., instructed the jury as follows:

There was no agreement of forbearance, nor any other consideration that we can see for the giving of the note in suit by the defendant to the plaintiffs; it was a mere voluntary act of hers, in agreeing to make herself liable upon a note for the debt of her deceased husband. She owed the plaintiffs nothing; they had no claim whatever upon her; and, without some consideration, it seems to the court at present that her promise to pay was not binding upon her; therefore, we instruct you to find a verdict in favor of the defendant.

—The jury returned a verdict in favor of the defendant, as directed. A rule for a new trial having been discharged, judg-

Opinion of the Court.

ment was entered, when the plaintiffs took this appeal, assigning the foregoing instruction to the jury for error.

*Mr. Lewis Dewart and Mr. J. Nevin Hill*, for the appellants.
Counsel cited: Johnes v. Potter, 5 S. & R. 521; Leonard v. Duffin, 94 Pa. 218; Bentley v. Lamb, 112 Pa. 480; Reily v. Dean, 36 Leg. Int. 304.

*Mr. W. H. M. Oram*, for the appellee.
Counsel cited: Shadburn v. Daly, 75 Cal. 355; Okeson's App., 59 Pa. 99; Smith v. Carroll, 112 Pa. 393; Ferrell v. Scott, 2 Speers 344 (42 Am. Dec. 371); Bank of Troy v. Topping, 9 Wend. 273; Schoonmaker v. Roosa, 17 Johns. 304; Commey v. Macfarlane, 97 Pa. 363.

OPINION, Mr. JUSTICE McCOLLUM:

We are unable to discover from the evidence any consideration for the note in suit. The maker of it is the widow and executrix of Theodore F. Nields, who, at his death, was indebted to the appellants, on two notes and a book account, in the sum of $307.52. The estate was insolvent, and after discharging the judgment liens was able to pay its general creditors but five per cent on their claims. On April 21, 1885, the appellants presented their claim to the auditor appointed to distribute the fund in the hands of the executrix, and seven days thereafter induced her to give her personal note for it, which, when paid, was to be in full of their demand against the estate. The dividend their claim was entitled to was $16.47, and it was awarded to them. They received it and applied it on her note. This note was renewed from time to time, and the amount thereof was reduced by payments from her own earnings to $267.94, at the date of the last renewal. The fund shown by the account of the executrix to be in her hands for distribution, was all there was for the creditors, and there was no expectation by the payees or maker that the estate would pay a farthing beyond the dividend this fund would yield. The appellant's demand, after the application of this dividend to it, was worthless and the parties knew it. It was because of this knowledge that the payees thought it was so generous and honorable in the maker to assume the debt of her dead husband.

It is clear that the appellants lost and the appellee acquired nothing by this transaction. It was a one sided affair and exclusively for the benefit of the former. But, as a promise to pay the pre-existing debt of another person to his creditor requires a new consideration to support it, they can take nothing further by it. What they have received by virtue of it, they may retain, but the law will not help them to more. The cases cited to sustain the contention of the appellants differ essentially from this. In Leonard v. Duffin, 94 Pa. 218, the note was under seal, and the time for the payment of a debt then due was extended one year. In Bentley v. Lamb, 112 Pa. 480, the due-bill was given in execution of an agreement to pay additional compensation for services rendered, and, in view of the facts recited in the agreement, this court declined to infer that the services had been previously compensated in full. In Reily v. Dean, 36 Leg. Int. 304, the maker of the note volunteered to give it, to avoid protest and to extend the time of payment of a note against the estate.

As it sufficiently appears in the testimony of the appellants, that in this case there was no consideration for the promise sued upon, there was no question for the jury, and the learned judge was right in directing a verdict for the defendant.

The judgment is affirmed.