Case 94.—ACTION BY LYDIA BROWN AGAINST JOHN H.
GILBERT AND OTHERS ON A NOTE.—Nov. 8.

## Gilbert, &c v. Brown.

Appeal from Clay Circuit Court.
H. C. FAULKNER, Circuit Judge.
Judgment for Plaintiff. Defendant appeals. Reversed.

1. Married Women—Contracts not for Necessaries—Affirmative Proof—A note executed by a married woman prior to the husband and wife act of March 15, 1894, is not enforcible unless given for necessaries, and where one is seeking to hold her upon such a contract it must be shown affirmatively that the claim comes within the statutory exception.

2. Void Contract—Ratification—A note executed by a married woman prior to the act of March 15, 1894, being void, a renewal thereof after she became discovert does not make it binding on her. The contract of a married woman being void can not be ratified.

3. Widow—Note for Deceased Husband's Debt—Consideration—Where there is no evidence that any property subject to execution was received by a widow from the estate of her deceased husband, there was no consideration for the execution by her of a note to take up the note of her deceased husband.

B. B. GOLDEN and A. B. HAMPTON for appellant.

### AUTHORITIES CITED.

Robinson v. Robinson, 11 Bush, 174; Chaney v. Flynn, 2 R., 417; Bagby v. Bagby, 10 R., 540; Green v. Page, &c., 80 Ky., 368; Ruppel v. Kissel, 24 R., 237; Wm. Dearing Co. v. Veal, 25 Ky. L. R., 1809; Skinner v. Lynn, 21 R., 185, 23 R., 2193, 20 R., 1360.

W. W. RAWLINGS and STIVERS & WRIGHT for appellee.

Our contentions are thus briefly stated:

1. Every gift, conveyance, assignment, transfer or charges made by the debtor of or upon any of his estate, without valuable consideration therefor shall be void as to all his then existing liabilities, &c. (See Kentucky Statute, Sec. 1907.)

2. Contract to board and support grantor during life in consideration of conveyances of grantor's property renders conveyance constructively fraudulent as to the grantor's creditors. (Dehoney v. Dehoney, 7 Bush, 217; Brady v. Briscoe, 2 J. J. M., 212; Hawkins v. Moffit, 10 B. M., 81; Easum v. Pirtle, 81 Ky., 561.)

3. The mother cannot give or voluntarily transfer her property to her children to the detriment of her creditors, and conveyance so made will be set aside at the suit of existing creditors, as fraudulent. (Trimble v. Ratcliff, 9 B. M., 511; Enders v. Williams, 1 Met., 346; Duhme v. Young, 3 Bush, 344; Loury v. Fisher, 2 Bush, 70; Rucker v. Abell, 8 B. M., 566.)

4. Voluntary conveyance or a conveyance for an insufficient consideration, passes to the grantee no title whatever as against the existing liabilities of the grantor. (Yankey v. Sweeney, 85 Kentucky, 55.)

5. Prior to March 16, 1896 an action to set aside a voluntary conveyance could not be maintained without a judgment and return of no property, but by the passage of an act of the Legislature, March 16th, 1896, such action can now be maintained without judgment and return of no property. (Kentucky Statutes, Sec. 1907a.)

6. Voluntary vendee of a person to whom conveyance has been made in fraud of creditors does not occupy any better position than his vendor. (Stern v. Sedden, 4 Bibb, 178.)

OPINION BY JUDGE LASSING—Reversing.

In December, 1891, W. H. Brown and Nancy Brown, his wife, executed a note to F. M. Brown for $200. In December, 1895, this note was renewed for $264; this being the amount due on said note. After the execution of this second note, W. H. Brown died, and Nancy Brown executed and delivered to F. M. Brown her note for $285.12 in satisfaction of the note which he held against her and her deceased husband; thereafter, she paid through Lee Brown, her son, $50 on this note. F. M. Brown assigned and transferred this note to Lydia D. Brown, his wife. No further payments were made upon this note by Nancy Brown or any one else for her. After her

death, Lydia D. Brown, the holder of said note, brought suit against her heirs at law to enforce its collection, and to subject certain real estate which had been given them by their mother just prior to her death to its payment. The plea of no consideration was interposed in the trial court, proof taken, and judgment entered in favor of plaintiff, and from that judgment defendants appeal.

The only question in this case necessary for determination is, was there any consideration for the execution of this note from Nancy Brown to F. M. Brown upon which suit was brought? This question of necessity relates back to the execution of the original note in 1891. When the original note was executed a wife could not bind her estate, except for necessaries, and she was wholly incapable of making any contract for any purpose, except for the purpose described by the statute; that is, for necessaries. And, where one is seeking to hold her upon a contract, it must be shown affirmatively that the claim comes within the statutory exception. Price v. Keeney, 5 Ky. Law Rep. 706 .The proof in this case shows: That at the time of the execution of the original note W. H. Brown sought the loan. That he was indebted for taxes due upon his wife's land for perhaps as much as two years; for grocers' bills, and others' bills. That he applied to his son, F. M. Brown, for the money, and, after some delay the loan was negotiated. The note was forwarded by W. H. Brown and Nancy Brown to F. M. Brown, who sent his check to them for $200, payable to W. H. Brown. W. H. Brown owned no estate, but his wife Nancy Brown owned a farm. There is not the slightest proof in the record as to the amount of taxes due or the amount of the grocers' bills or that credit therefor had been extended to Nancy Brown; but, on the contrary, the fact that the loan was sought by W. H. Brown, and the check made payable to him,

goes to show that the debt was the debt of W. H. Brown, and not the debt of his wife, Nancy Brown. In the absence of any proof that the note was executed for necessaries contracted for by his wife, Nancy Brown, the presumption is that it was the debt of her husband, and that she attempted to sign the note as security for him. The renewal of the note in 1895, and the execution of her own note in lieu thereof after the death of her husband were without consideration, and this court has held that, where the original obligation is void, a promise to pay after she became discovert does not make it binding on her. The contract of a married woman being void, cannot be ratified. Chaney v. Flynn, 2 Ky. Law Rep. 417; Bagby v. Bagby, 10 Ky. Law Rep. 540; Marble v. Marble, 4 Ky. Law Rep. 360. The original note in this case not being for necessaries furnished the wife was void as to her. And, following the rule laid down in the above-cited cases, the execution of the renewal note in 1895, and her individual note executed in lieu thereof after the death of her husband, was void, and of no binding force and effect whatever. In the case of Grimes v. Grimes, 89 S. W. 548, 28 Ky. Law Rep. 549, in which the wife was induced to execute her own note in satisfaction of the note against her deceased husband, it was held that there was not consideration sufficient to support the execution of this last note, as the wife received nothing from the estate of her deceased husband. In the case before us there is no evidence that any property subject to execution was received by Nancy Brown from the estate of her deceased husband, W. H. Brown. And there was therefore no consideration for the execution by her of the note to take up the note of her deceased husband.

We do not deem it necessary to pass upon the other question raised on this appeal. But for the reasons given, the judgment is reversed for further proceedings consistent with this opinion.