CITIZENS' TRUST CO. *v.* McDOUGALD.

(*Jackson.* April Term, 1915.)

1. **BILLS AND NOTES. Consideration. Antecedent debt.**

Although under the Negotiable Instruments Law (Laws 1899, ch. 94) a pre-existing debt may stand for value, yet, where the maker of a note made it payable directly to plaintiff bank, which paid him nothing therefor, he being induced to make the note by the bank's cashier, who was practically the owner of an insolvent corporation which owed the bank money, to reduce which debt the note was applied, there could be no recovery by the bank on such note, since a pre-existing debt is not consideration for a note, where the debt was worthless and the obligation of a third party. (*Post,* p. 324.)

Cases cited and approved: Williams v. Nichols, 10 Gray (Mass.), 83; Gilbert v. Brown, 123 Ky., 703; Didlake v. Robb, 1 Woods, 680; Paxson v. Nields, 137 Pa., 385; Schroeder v. Fink, 60 Md., 436; Smith v. Paris, 53 Mo. 274; Banking Co. v. Hall, 119 Tenn., 548.

2. **BILLS AND NOTES. Pleading. Amendment. Allowance.**

In a bank's suit on a note defended on the ground of want of consideration, as it originated in fraud practiced by the bank's cashier upon the defendant maker, where the affidavit for the filing of an amended answer, differing from the original answer merely in the evidentiary facts stated as proof of want of consideration, justified the mistake in the original answer on the ground that counsel representing the defendant, a nonresident, had acted on certain memoranda found among the papers of defendant's first attorney, who had died, such affidavit was a sufficient reason for the allowance of the amendment. (*Post,* p. 326.)

Case cited and approved: Hardwick v. American Can. Co., 115 Tenn., 393.

3. **BILLS AND NOTES.** Pleading. Amendments. Allowance.
In a bank's action on a note, where the bank was familiar with
the fraudulent transactions of its cashier in which the note
originated, and the defendant was completely in the dark as
to the details, the allowance of an amended answer differing
from the original answer merely in the evidentiary facts which
it stated as proof of lack of consideration for the note was
proper. (*Post, p.* 326.)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.
—Francis Fentress, Judge.

H. R. Boyd, for appellant.

Israel H. Peres and L. C. Going, for appellee.

Mr. Chief Justice Neil delivered the opinion of the
Court.

Bill to recover on a promissory note of $15,000 exe-
cuted by McDougald to the Pemiscot County Bank, of
Pemiscot county, Mo. Judgment was rendered below
in favor of the defendant, dismissing the suit.

1. The judgment was correct. There was no con-
sideration for the note. It is true that, under the Ne-
gotiable Instruments Law, contrary to the rule for-
merly prevailing in this State, a pre-existing debt may
now stand for value; but this is not true where such
pre-existing debt was worthless at the time, and the ob-
ligation of a third party. *Williams* v. *Nichols,* 10 Gray

(Mass.), 83; *Gilbert* v. *Brown,* 123 Ky., 703, 97 S. W., 40, 7 L. R. A. (N. S.), 1053; *Didlake* v. *Robb,* 1 Woods, 680, Fed. Cas., No. 3899; *Paxson* v. *Nields,* 137 Pa., 385, 20 Atl., 1016, 21 Am. St. Rep., 888; *Schroeder* v. *Fink,* 60 Md., 436; *Smith* v. *Paris,* 53 Mo., 274; 1 Dan. Neg. Inst. (6th Ed.), 256, 257. Such was the present case. The bank was not, therefore, a holder for value. *Banking Co.* v. *Hall,* 119 Tenn., 548, 564, 565, 108 S. W., 1068.

In the case before us it appears the note was made payable directly to the bank. Nominally there was a loan to McDougald, but the bank paid out no money. It simply credited the proceeds on a worthless note which it held on the People's Gin Company, an insolvent corporation, for whose obligations McDougald was in no way responsible. This fraudulent scheme was made effective through the machinations of one Tindle, the bank's cashier, who took advantage of McDougald's kinship to him, his friendship for him, and his confidence in him. Tindle was practically the owner of the insolvent corporation referred to. He induced McDougald to make the note to the Pemiscot County Bank for its "accommodation." This "accommodation" turned out to be a plan to enable the bank to collect its insolvent note on the People's Gin Company. McDougald had no notice or intimation that such use was to be made of his note. He was simply tricked by Tindle. The bank can stand no higher than Tindle, since it gave no value for the note. The complainant is receiver of the bank, and can assert no higher rights.

2.  Error is assigned on the action of the chancellor in permitting the filing of an amended answer.  There was no error in this, since there was no negligence, and justice required the amendment.  Gibson's Suits in Chancery (2d Ed.), sections 434, 435.  A sufficient reason was given in the affidavit for the mistake made in the original answer.  This was, in substance, that the counsel now representing the defendant, a nonresident, acted on certain memoranda found among the papers of Mr. Percy Finley, the original counsel, who had died. Moreover, there was no such incongruity between the original and amended answers, as was shown in the case of *Hardwick* v. *American Can Co.*, 115 Tenn., 393, 89 S. W., 735, 1 L. R. A. (N. S.), 1029, cited by complainant's counsel.  The substance of each of the answers was that there was no consideration for the note.  The difference was merely in the evidentiary facts stated as proof of the absence of consideration. Besides this, no harm or inconvenience was suffered by complainant through the amendment.  The bank all the time knew the real facts, and the case was prepared on each side, from the beginning, in view of the theory of defense set forth in the subsequently filed amended answer.  Furthermore, the relation of Mr. McDougald to the matter was such as to entitle him to some indulgence, inasmuch as he was wholly in the dark as to the real transaction; Tindle having procured the note by the means previously stated, and having used it in a manner which could not have been anticipated by his victim.