## SAUNDERS v. POWELL.

### No. 1442.

Court of Civil Appeals of Texas. Waco.

Dec. 14, 1933.

Rehearing Denied Jan. 18, 1934.

W. B. Harrell, of Dallas, for appellant.

R. A. Kilpatrick, of Cleburne, and Jos. W. Hale, of Waco, for appellee.

ALEXANDER, Justice.

Prior to 1927, T. M. Saunders and his wife, Alice B. Saunders, executed and delivered to A. A. Powell their promissory notes for the aggregate sum of $1,600. Said notes were given for money borrowed by T. M. Saunders and used by him for community purposes, and the debts became community debts. These notes were renewed by T. M. Saunders and wife from time to time, and were unpaid when he died in 1927. He died intestate, without leaving any estate either separate or community. No administration was had. Thereafter his widow paid $100 on the debts in question and executed renewal notes for the balance. This suit was brought against Mrs. Saunders to recover on the renewal notes. She pleaded lack of consideration. The court entered judgment for the plaintiff, and the defendant appealed.

Since the removal of the case to this court, Mrs. Alice B. Saunders has died, and D. D. Saunders and J. G. Saunders, as the independent executors of her estate, have been substituted as appellants, and the plaintiff A. A. Powell has died, and Murphy Pickle,

as the administrator of his estate, has been substituted as appellee. The parties will be referred to as in the trial court.

■ At common law a married woman's contract is absolutely null and void ab initio, 30 C. J. 583, and it is generally held that her attempted renewal or ratification of such agreement after the removal of her disability, in the absence of a new consideration, is not binding on her. Gilbert v. Brown, 123 Ky. 703, 97 S. W. 40, 7 L. R. A. (N. S.) 1053; Holloway's Assignee, Trimble v. Rudy (Ky.) 60 S. W. 650, 53 L. R. A. 353; Note 17 A. L. R. 1341; Ruppel v. Kissel (Ky.) 74 S. W. 220; Grimes v. Grimes (Ky.) 89 S. W. 548.

■ The plaintiff recognizes the above rule as being true in common-law states, but contends that in Texas we adopted the Spanish law, and not the common law, as the rules regulating marital rights, and that in this state a married woman's agreement is merely voidable and not void, and may be ratified by her after the removal of her disability. It is true that we adopted in a large measure the Spanish jurisprudence in the regulation of marital rights, 23 Tex. Jur. 38, but it is also true that, in the absence of modification by statute, we adhere to the common-law rules with reference to a married woman's disability to contract, Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, par. 8.

There are authorities which hold that in Texas a married woman's agreement is merely voidable and not void. 23 Tex. Jur. 232; Speer's Law of Marital Rights, p. 267, § 211; Baxter v. Baxter (Tex. Civ. App.) 225 S. W. 204; Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227; Taylor v. Leonard (Tex. Civ. App.) 275 S. W. 134; Thomason v. Haskell Nat. Bank (Tex. Civ. App.) 56 S.W.(2d) 242; Snow v. Mather, 52 Tex. 650. Such holding may be true with reference to such contracts on the part of a married woman as are impliedly authorized by statute, but it has no application in those instances where the common law has not been modified by statute. Such holding is usually based upon a statement made by the Supreme Court in the case of Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518, as follows: "In this state the right of a married woman to acquire and hold property, real and personal, either by gift, devise, descent, or purchase, is as absolute as that of her husband. She may, with his consent, mortgage her real estate to secure his debts, or she might give her personal property to him, or to any other person. If she contract to buy on a credit, and execute a note for the price, she may or not, as she may elect, proceed with the contract, and the person contracting with her cannot refuse to carry out the agreement because she is a married woman."

It will be noted that the court, as a basis for the above statement, assumed a state of facts in which a married woman might undertake to exercise her statutory right to acquire and hold property—a right which she did not have at common law. In recognition of such statutory right, it was held that she could enforce her contract for the purchase of property if she so elected. The court did not undertake to hold that in those cases where the common-law rule remained unchanged by statute a married woman's agreement was merely voidable. In fact, a short time after making the above statement in Pitts v. Elsler, supra, the same court, in the case of Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537, 538, in considering the liability of a married woman on a bond executed by her as surety for her husband, said: "The bond in question would have been void at common law. It is also void under our statutes. Hollis v. Francois, 5 Tex. 195 [51 Am. Dec. 760]. In this state a married woman can only bind herself by contract when entered into for necessaries for herself and children, or for the benefit of her separate estate," and then, after quoting certain statutes which gave a married woman a right to contract in certain instances, continued as follows: "Except as prescribed in the articles quoted, the wife, under our laws, remains subject to the disabilities affixed upon her by the common law. Kavanaugh v. Brown, 1 Tex. 481. Under similar statutes in other states, where the right of a married woman to hold property has been established by law, and when she has been authorized to contract for certain specific purposes, her contract, for a purpose other than such as is expressly authorized, has been uniformly held void."

In the case of Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, 927, the Supreme Court said: "The dominant feature of our system is its recognition of the separate identity of the wife and her capacity to hold a separate estate. Such principles were unknown to the common law. Our laws upon the subject are in the main but a continuation of the rules of Spanish jurisprudence, which until the Act of 1840 prevailed in the Republic. But it is also true that by the rules of our system the wife, in respect to her power to contract, rests under the same disabilities, except as modified by statute, that her coverture entailed at common law."

In Kellett v. Trice, 95 Tex. 160, 66 S. W. 51, 53, it is said: "It is settled by the decisions in this state that married women have no power, except such as is affirmatively given by statute, to bind themselves personally by contracts."

For further authorities indicating that in this state a married woman's agreement, unless authorized by statute, is void, see Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467, and cases there cited; Williams v. Jameson (Tex. Civ. App.) 44 S.W.(2d) 498; Graham v. Stuve, 76 Tex. 533, 13 S. W. 381;

404

Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779.

There is no statute in this state authorizing a married woman to bind herself as a joint maker with her husband upon a note given for money borrowed by him for the use of the community estate. Red River National Bank v. Ferguson, supra. Consequently Mrs. Saunders' agreement, as evidenced by the note or notes executed by her while she was married, was void, and she was not liable thereon. Neither was she liable on the renewal notes executed by her after the death of her husband, in the absence of a new consideration.

In an effort to show a consideration for the renewal notes here sued on, the plaintiff alleged that the deceased, T. M. Saunders, was a man of high honor and splendid reputation, and took great pride in being able to meet his financial obligations when they matured, that his widow shared this reputation and pride with him, and that, in order to protect the good name of her deceased husband, and in consideration of appellee's forbearance to bring suit against Mrs. Saunders or to take out administration on the estate of her deceased husband, the said Mrs. Saunders executed and delivered the renewal notes here sued on. We think the evidence shows without dispute that T. M. Saunders left no property either separate or community. Therefore the plaintiff could have recovered nothing by taking out administration on the estate of T. M. Saunders, deceased, and has lost nothing by his forbearance to do so. Since Mrs. Saunders was not personally liable on the notes executed by her while she was married, the plaintiff could not have recovered thereon, and has lost nothing by his forbearance to bring suit against Mrs. Saunders on the original notes. We do not think that Mrs. Saunders' desire to protect the good name of her deceased husband, nor her desire to avoid being harassed by a suit to recover on a note upon which she was not liable, would furnish sufficient consideration for the execution of the renewal notes.

The judgment of the trial court is reversed, and judgment here rendered that the plaintiff take nothing.