## SMITH et al. v. PEGRAM.
### No. 4346.

Court of Civil Appeals of Texas. Amarillo.
Feb. 4, 1935.

Rehearing Denied March 11, 1935.

J. R. Wilson, of Wichita Falls, for appellants.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellee.

MARTIN, Justice.

This appeal involves the alleged invalidity of a personal judgment against a married woman upon a note executed by herself and husband to secure money to purchase land, and her right to attack same three years after its rendition by a direct proceedings instituted for the purpose of having same vacated.

The essential facts are: On May 6, 1929, Mabel Smith, joined pro forma by her husband, F. E. Smith, filed suit in Armstrong county against "John Pegram and his wife Allie Pegram," alleging, in substance, the execution and delivery by both of a note for $4,400, and describing it fully, and also the execution and delivery by both of a certain trust deed upon land fully described, to secure said note. The prayer was for personal judgment against both on the note and for foreclosure of their said lien.

Answer was by general demurrer, general denial, and by allegations showing a homestead interest in the lands sought to be foreclosed on, and asking specially for cancellation of said trust deed lien.

Judgment was entered against both Pegram and wife on the note for its full amount of principal, interest, and attorney's fees, but in their favor on a foreclosure; the said lien being canceled. No notice of the general demurrer appears to have been taken by the trial court. Neither side appealed. This judgment was entered on April 8, 1930. On March 29, 1933, Allie Pegram filed suit in Armstrong county to vacate said judgment, alleging, in substance: Her divorce from John Pegram since April, 1930; the facts in substance already stated; that the note was not given for necessaries or the benefit of her separate estate; that it was not executed for "any consideration or benefit" to her; that she did not know of its entry until January, 1933; that it was void, and asked for judgment so declaring and for its cancellation. The facts proven correspond with the allegations of her petition. Judgment was entered as prayed for.

It is the general rule that judgments pass beyond the control of trial courts at the expiration of the term when entered. Unless void, they may not be vacated at any subsequent term. 15 R. C. L. p. 690; notes to 81 A. L. R. 300. In Texas, three methods of attacking judgments of the character found here are apparently recognized, viz.:

(1) By the statutory method of appeal or writ of error.

(2) By a proceeding in the nature of a bill of review.

(3) By a direct attack having for its general object a finding that such judgment was void when entered.

It is not pretended, or could be, that this proceeding belongs to either of the first two classes. The first is statutory, and is the exclusive remedy in all matters touching errors of law allegedly committed by the trial court. The second is an equitable proceeding purely. 17 Tex. Jur. p. 28. We cannot, if this be an error of law not affecting the court's jurisdiction, recognize the appellee's right to bring a proceeding, after the lapse of some three years, to have same reviewed, without judicially repealing the appeal and writ of error statute; and this regardless of any such right under the common law. This proceeding belongs manifestly to the third class. We therefore narrow the inquiry to the simple question of whether or not the judgment under attack was void. If yes, this case must be affirmed, and, if no, reversed and rendered.

No authorities have been cited by either appellant or appellee which are exactly in point. Trimble v. Miller, 24 Tex. 214, 215, Covington v. Burleson, 28 Tex. 368, and others of like character cited by appellee, are cases where the attack on the judgment was made in an appeal by writ of error, and plainly are inapplicable. In Lane v. Moon (Tex. Civ. App.) 103 S. W. 211, and in Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537, summary judgments against a married woman, signing respectively a replevy and an appeal bond as surety, were under attack and both were declared void. This obviously for the reason that no cause of action could have been pleaded against a married woman in either case, and such appeared from the face of the record. The very act she did was not authorized, but interdicted by statute. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567, is of slightly different character, but it too, upon close analysis,

will appear to be bottomed upon the proposition that no authority in the trial court exists for the entry of a judgment against a minor without the appointment of a guardian ad litem as provided by statute. And so the authorities go, so far as a diligent investigation by us discloses. We have found no case where a proceeding after term time, such as this, to set aside a judgment valid on its face, has been approved, except where the ultimate issue was such as to enable the court to say that authority was lacking in the court to enter such judgment. Why shouldn't this be so? Any other conclusion would lead to the utmost confusion and result in judicially amending our statute authorizing appeals, and open every judgment to suspicion of attack, though the time for appeal has passed.

The petition in the case was subject apparently to a general demurrer. 23 Tex. Jur. p. 324, and authorities there cited. But such defect does not render the judgment void. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882.

"A judgment not based upon any pleadings is void. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882. But there is difference between no pleadings, or a petition which from the facts alleged shows affirmatively that plaintiff has no cause of action upon the facts stated, and a petition which is merely lacking in allegations of fact sufficiently to fully state the cause of action. In the latter case it may be subject to a general demurrer and would be reversed upon appeal from an adverse ruling of the trial court. Yet the same petition may be sufficient to prevent a judgment by default from being void; for, if it states the nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction, it invokes the active jurisdiction of the court, and its sufficiency in regard to the fullness of facts is a matter for determination by the trial judge entering the judgment. An error committed by the trial court in its deliberation upon the sufficiency of the petition in this respect would not in legal effect be different from an error committed in rendering the judgment upon insufficient facts proven, and would not render the judgment void. Freeman on Judgments (5th Ed.) vol. 1, § 365, p. 765. However, if the pleadings do not invoke the jurisdiction of the court upon the subject-matter determined by the judgment, it is void. Sandoval v. Rosser (Tex. Civ. App.) 26 S. W. 930; Morgan v. Davis (Tex. Civ. App.) 292 S. W. 610." Ritch v. Jarvis (Tex. Civ. App.) 64 S.W.(2d) 831, 833.

If the petition described above had affirmatively shown that the note sued on was void against appellee, and that no cause of action could be based thereon, the judgment under attack here would have been void, in our opinion, under the authorities of Lane v. Moon et al., supra.

Whether or not a simple promissory note of a married woman is void or merely voidable has been the subject of some contrariety of judicial opinion. See Saunders v. Powell (Tex. Civ. App.) 67 S.W.(2d) 402 (writ granted) where these authorities are in part collated. Reconstructing the picture as it was at the time the judgment under attack was rendered, we have a married woman sued on a plain promissory note, with foreclosure of lien on land asked for. She failed to specially except to the petition showing coverture on its face, and instead filed only a general demurrer and denial, and asked affirmative relief upon the foreclosure feature of the case. The general demurrer was apparently not called to the trial court's attention. She, in effect, filed no pleadings raising any defense to the note for reasons best known to her attorneys and herself. It may have been that it was thought wise to not jeopardize her attack upon the lien by filing or insisting upon any plea or exception that relieved her from personal liability on the note. Can she waive the defense of coverture? Can she lead the trial court to believe that she only desires a cancellation of a lien, and thereafter, having obtained this relief, raise, in vacation, the question of liability on the note? Is she subject to the rules which may be invoked against other litigants? Or has the Legislature, acting as a mythological Thetis, dipped her, Achilles like, in the river Styx, so that thenceforth the shafts of the law will fall broken at her feet? She may ratify a void deed. Scales v. Johnson (Tex. Civ. App.) 41 S. W. 828 (writ ref.). She may confess judgment either in person or through an attorney. 23 Tex. Jur. 367. She is bound by a judgment the same as any other litigant, and held to the use of ordinary diligence. Cayce v. Powell, 20 Tex. 767, 768, 73 Am. Dec. 211. Judgments against her are not necessarily void, and this though the pleadings disclose that she has been sued jointly with her husband for fraudulent representations for which she is not liable. We quote: "The judgment upon which the execution issued, was rendered between the parties

to this suit, by a Court of competent jurisdiction, and, as between them and their privies, is conclusive, unless fraudulently obtained. Whether this, or any other defence in abatement, or bar, on the ground of coverture, could have been successfully pleaded in that action, is not now to be considered. They were not pleaded, nor urged at the trial of the cause; nor was a reversal of the judgment sought on these, or other reasons, before an appellate tribunal; and they form no such grounds, as will avoid the force of that judgment, in a collateral action. The acts of femes covert, in pais, may be, and frequently are, void; yet, this does not impair the conclusive force of judgments to which they are parties; and if they be not reversed, on error or appeal, their effects cannot be gainsaid, when they are enforced by ultimate process, or where they are brought to bear on their rights, in any future controversy." Howard v. North, 5 Tex. 290, 297, 51 Am. Dec. 769.

"While there are respectable authorities which hold that unless authorized by, and rendered in accordance with, a statute, a judgment against a married woman is void, and of no effect whatever, there are many others that declare such judgments to be only erroneous or voidable, and that until set aside the separate property of the wife may be sold under process issued thereon. Black, Judgm. §§ 188, 190, 191, and cases there cited. The reason generally given by courts holding such judgments to be absolutely void is that by the common law, on account of the merger of the wife's personality in that of the husband, she was incapacitated for almost every species of juristic action. Id. § 188. As is clearly shown by Chief Justice Hemphill in Jones v. Taylor, 7 Tex. 240 [56 Am. Dec. 48], the reason for such a rule does not exist in this state." Henson v. Sackville, 2 Tex. Civ. App. 416, 21 S. W. 187, 188 (writ ref.).

"Appellees McKay and wife, for the first time, seek to question the validity of the personal judgment rendered against appellee Mrs. A. C. McKay. The judgment was not questioned in any respect in the trial court, to wit, her disabilities of coverture were not presented either by exception or plea, and the judgment rendered was not excepted to or cross-assignment presented as a basis of questioning the validity of same before this court.

"We know of no rule of law prescribing a different degree of diligence and procedure for a married woman than for any other class of litigants, but understand that the same rules of procedure and requirements as to diligence apply to all parties to suits alike. Cayce v. Powell, 20 Tex. [767] 768, 73 Am. Dec. 211; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89.

"Under the pleadings and evidence the court was authorized to render the judgment, and, as same does not carry within its terms invalidity, same is not void as that term is usually applied, however voidable by direct proceedings, to wit, through appeal or writ of error. Appellant appealed from said judgment only in so far as same denied it the foreclosure of lien.

"The judgment was pronounced by a court of competent jurisdiction. Appellee Mrs. A. C. McKay was before the court as any other litigant (although under the disability of coverture). She did not on the trial urge her disability as a bar to the recovery of judgment against her or prosecute an appeal or writ of error to vacate or set same aside; therefore, in the condition of the record, cannot avail herself of such defense on this appeal. Laird v. Thomas, 22 Tex. 276; Focke v. Sterling, 18 Tex. Civ. App. 8, 44 S. W. 611; Nichols v. Dibrell, 61 Tex. 539; Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; Taylor v. Harris, 21 Tex. [438] 439; Baxter v. Dear, supra; Carson v. Taylor, 19 Tex. Civ. App. 177, 47 S. W. 395." Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 241 S. W. 549, 551 (writ ref.).

Coverture cannot be set up after judgment in arrest thereof or by an assignment of error. 23 Tex. Jur. p. 345.

Even as to married women, a consent judgment waives errors in pleading, except those that go to the jurisdiction of the court. Laird v. Thomas, 22 Tex. 276. See, also, Telluride Power Co. v. City of Teague (Tex. Civ. App.) 240 S. W. 950, 951, and Blagge v. Shaw (Tex. Civ. App.) 41 S. W. 756.

The presumption is that facts were in evidence to authorize the judgment. City Nat. Bank v. Gamel (Tex. Civ. App.) 241 S. W. 735, 736; 3 Tex. Jur. p. 1062.

It is a familiar rule of law that a judgment is conclusive, not only as to the subject-matter determined, but as to every other matter which the parties may have had

determined. Kirberg v. Missouri State Life Ins. Co. (Tex. Civ. App.) 30 S.W.(2d) 663.

Equally familiar is the rule, that all reasonable intendments and presumptions, not inconsistent with or contradicted by the record, will be indulged in the appellate court in favor of judgments of a trial court.

Giving effect to the above principles, we are of the opinion that the record of the original trial, in which personal judgment against appellee was rendered, sufficiently raises the issue of waiver of coverture, and even of consent, to enable us to indulge the presumption of the existence of both in support of such judgment. The trial court, in our opinion, had the power under such circumstances to render a personal judgment against her on the note and to cancel the lien given to secure same in her favor. If so, her proceeding to vacate such judgment, filed long after her right to appeal was lost, could not be resorted to in order that an error of law which should have been raised at the trial, but was not, may now be passed on.

As tending to support our conclusion, we cite the cases of Williams v. Borchers (Tex. Civ. App.) 244 S. W. 1053; Creosoted Wood Block Paving Co. v. McKay et al. (Tex. Civ. App.) 241 S. W. 549 (writ ref.).

Judgment reversed and rendered for appellant.

## On Motion for Rehearing.

We do not know what facts were before the trial court which originally entered the judgment against appellee now under attack. We do know that she did not on the trial, as in the McKay Case (Tex. Civ. App.) 241 S. W. 549, supra, urge her disability of coverture. Instead, she filed a general denial, which had the effect of putting in issue the marriage status alleged by appellant. She apparently acquiesced in its rendition, and cannot now, in our opinion, be heard to complain.

A cross-assignment of error appears for the first time in appellee's motion for rehearing to the action of the trial court in sustaining an exception to appellee's allegations respecting fraud in procuring the aforesaid judgment. The trial court correctly sustained such exception, in our opinion. If not, the appellee has not properly raised such question.

, Motion overruled.